# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 27, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

EDWARD H. MOODY,                    )
                                    )
    Plaintiff/Appellant,            )
                                    )
VS.                                 )   Davidson Chancery
                                    )   No. 97-159-III
STATE OF TENNESSEE                  )
DISTRICT PUBLIC DEFENDERS           )   Appeal No.
CONFERENCE,                         )   01A01-9707-CH-00311
                                    )
    Defendant/Appellee.             )

## D I S S E N T

I respectfully disagree with the court's opinion that effectively denies Mr. Moody judicial review of the calculation of his salary by the District Public Defenders Conference under Tenn. Code Ann. § 8-14-207 (Supp. 1997). The Chancery Court for Davidson County has subject matter jurisdiction to hear Mr. Moody's petition because the District Public Defenders Conference is an "agency" for the purpose of Tenn. Code Ann. § 4-5-225(a) (Supp. 1997).

## I.

Edward H. Moody's salary as an assistant district public defender is based, in part, on statutory credit for certain types of prior service. *See* Tenn. Code Ann. §§ 8-14-207(b)(3). An assistant district public defender is not entitled to receive prior service credits unless the district public defender who hired the assistant recommends the prior service credits and the Executive Committee of the District Public Defenders Conference approves the recommendation. *See* Tenn. Code Ann. § 8-14-207(d).

Believing that the District Public Defenders Conference had not awarded him all the prior service credits to which he was entitled, Mr. Moody filed a petition for a declaratory order requesting the Conference to determine how Tenn. Code Ann. § 8-14-207 applied to his prior service. After the Conference declined to render a declaratory order, Mr. Moody filed a petition for declaratory judgment in the Chancery Court for Davidson County seeking a declaration of the prior service

credits to which he was entitled under Tenn. Code Ann. § 8-14-207. The trial court dismissed this petition on the ground that it lacked subject matter jurisdiction.

## II.

The concept of subject matter jurisdiction relates to a court's authority to hear a particular type of case. *See Meighan v. U.S. Sprint Comm. Co.*, 924 S.W.2d 632, 639 (Tenn.1996); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn.1988). It necessarily involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994), and subject matter jurisdiction can only be conferred by the Constitution of Tennessee or by statute. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Brown v. Brown*, 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955).

Tenn. Code Ann. § 4-5-225(a) specifically gives the Chancery Court for Davidson County the authority to issue declaratory judgments concerning the "applicability of a statute . . . to specified circumstances" as long as the agency has declined to render a declaratory order. Thus, the pivotal question in this case is whether the District Public Defenders Conference is an "agency" for the purpose of Tenn. Code Ann. §§ 4-5-223, -225. Because Tenn. Code Ann. § 4-5-102(2) (1991) defines an "agency" as a "state board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute or constitutional provision to make rules or to determine contested cases," we need only determine whether the District Public Defenders Conference is "authorized" to make rules or to determine contested cases.

No provision in the statutes creating the District Public Defenders Conference specifically empowers the Conference to promulgate rules or to determine contested cases; however, the Conference may draw its powers from other applicable statutes. Tenn. Code Ann. § 4-5-223(a), enacted eight years after the enactment of the original Uniform Administrative Procedures Act, permits affected persons to "petition an agency for a declaratory order as to the validity or applicability of a statute, rule, or order within the primary jurisdiction of the agency." This statute authorizes, but does not require, any agency to convene a contested case hearing in response to a petition for a declaratory order. *See* Tenn. Code Ann. § 4-5-223(a)(1); *see also* Tenn. Code

Ann. § 4-5-102(3) (including a "declaratory proceeding" in the definition of a "contested case").

Determinations of the salaries of assistant district public defenders are within the primary jurisdiction of the District Public Defenders Conference. Thus, the Conference could have convened a contested case proceeding when Mr. Moody requested a declaratory order concerning his claim for prior service credits. Because Tenn. Code Ann. § 4-5-223 authorized the Conference to convene contested case proceedings to consider petitions for a declaratory order, it is an "agency" for the purposes of Tenn. Code Ann. § 4-5-225(a).

The Conference exercised its statutory prerogative to decline to respond to Mr. Moody's petition for a declaratory order. *See* Tenn. Code Ann. § 4-5-223(a)(2). Once the Conference declined to render a declaratory order, Tenn. Code Ann. § 4-5-225(a) permitted Mr. Moody to seek a declaratory judgment from the Chancery Court for Davidson County and empowered the Chancery Court for Davidson County to consider Mr. Moody's petition. Accordingly, I would vacate the dismissal of Mr. Moody's petition and remand the case to enable the trial court to determine Mr. Moody's eligibility for prior service credits under Tenn. Code Ann. § 8-14-207.

_____
WILLIAM C. KOCH, JR., JUDGE