Atchison v. The State.

IKE ATCHISON v. THE STATE.

1. CRIMINAL LAW. *Misdemeanors. Punishment.* All misdemeanors, where the punishment is not prescribed by statute, are punishable by fine or imprisonment or both, within the limits fixed by law, as the court may in its discretion determine.

2. PLEADINGS AND PRACTICE. *Court may state testimony to jury.* The court has the right to state the testimony of a witness to the jury upon their request.

---

FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby county. J. M. GREER, J.

T. W. BROWN for Atchison.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

The defendant was indicted and convicted of unlawful gaming. The indictment contained two counts, one under section 4871, of the Code, for encouraging, promoting, aiding and assisting in the playing a game of hazard, called poker, for money, etc., bet upon said game. The other count was under section 4872, for permitting persons in a house under his control, to play at a game of hazard, called poker, for money, etc.

The first of said offenses is simply made a misdemeanor by the statute, without any special punishment attached to it. The second is also made a misdemeanor

punished by a fine of not less than fifty dollars, nor more than five hundred dollars, or imprisonment in the county jail not exceeding one year, or both fine and imprisonment within these limits.

The jury found a general verdict of guilty, and the court fined the defendant fifty dollars and sentenced him to imprisonment for one month. The defendant moved for a new trial, and as the record states, in arrest of judgment, though no reasons why the judg-ment should be arrested, were either filed or entered of record. The court refused a new trial and defend-ant appealed.

It is insisted for the defendant, that as the verdict was general, and as there is no specific penalty an-nexed by the statute to the offense of promoting or encouraging gaming, the court had no power to im-pose imprisonment for that offense, and hence, the judgment should be reversed. There is nothing in this position. All misdemeanors, where the punish-ment is not prescribed by statute are punishable by fine or imprisonment, or both according to the nature of the offense: 1 Rus. on Crimes, 45. And this where not otherwise provided, is left in the discretion of the court, within the limits fixed by law.

The attorney of the defendant prayed an appeal and tendered a bill of exception, which the court re-fused to sign, because as he states, it was not a cor-rect bill of exceptions, and contained very little of what occurred upon the trial, and thereupon his Honor made out and signed a bill of exceptions himself, which he certifies to contain a true statement of what occurred

on the trial, and to which the defendant excepted. Whether the court is bound to sign any bill of exceptions, until a correct one is made out and tentered to him by the party appealing, does not arise in this case, as he voluntarily undertook to do so. As is shown by the bill of exceptions made out and signed by the court, and to which the defendant excepted, the State after having examined two witnesses, introduced one Hacket, who testified that he was a member of the police force of the city of Memphis, and that on a certain night he made a descent on a certain room in Memphis, where he suspected gaming, and then the bill of exceptions proceeds: "Witness described the room and time so as to show that it was the same night and the same room referred to by the preceding witnesses, and then proceeds to give the testimony of the witness as to what transpired in said room, etc."

This was not giving the testimony of the witness but the deductions which the judge drew from it, and as this was not agreed to by the defendant, we think it should have contained the statements of the witness, as it was material to show it was the same room and at the same time, in regard to which the other witnesses had testified, and hence, we can see that the bill of exceptions, as made out by the court, was imperfect in this respect. But as no specific exception was taken to this part of the bill of exceptions, nor the attention of the court called to it, we do not think the defendant can avail himself of it now when made for the first time.

In another part of the testimony of this witness, the bill of exceptions sets out his testimony as follows: "The witness said on examination in chief, that the room was that of defendant." This witness, under cross-examination as to his statement "that it was the room of the defendant, stated that of his own knowledge, he could not say that it was the room of the defendant; but that he arrested the defendant for keeping a gaming room or house, and entered such charge against him at the station house, and that defendant told him it was his (defendant's) room. That he also told him, he, defendant, had only a few of his friends up there for amusement. He did this as if interceding for his friends—the persons arrested with him in the room, and the defendant went with him."

After the jury had received the charge of the court and retired, in about half an hour they returned into court, and through their foreman said they had come into court to ask the court what was Capt. Hacket's testimony about the defendant having told him it was his room, and went on to say one of the jury did not remember Capt. Hacket's evidence, and wished the court to state it. Thereupon the court said: "Capt. Hacket, on his direct examination, said that it was defendant's room. That on cross-examination he had said that he knew it was defendant's room, because at the time of arrest defendant had told him so. That defendant had submitted to arrest cheerfully, that he had asked him to let the others off, that they had merely come to his room for a little amusement." Here the counsel for the defendant interrupted the court and

Atchison *v.* The State.

commenced himself to tell what Hacket had said, when he was stopped by the court, and to this action defendant excepted.

We do not see the force of this objection. The court had the right to state the testimony of the witness to the jury upon their request that he should do so, and 'the record shows and stated it substantially as the witness had stated, and the court's action in not permitting the defendant's counsel to give them his version of it, after he had argued the case, was eminently proper.

· A great many other exceptions were taken to the action of the court by the defendant, which we deem it unneccessary to notice, as there is nothing in them which entitles the defendant to a · new trial.

The bill of exceptions which was tendered by the defendant's counsel, and which the court refused to sign as a bill of exceptions, but which he did sign for the purpose of showing that it had been tendered to him, and which he advised the clerk to copy in making out the transcript is contained in it. But as it does not constitute any part of the bill of exceptions, we cannot take any notice of it.

We find no reversible error in the record, and therefore affirm the judgment.