WILLARD *v.* STATE.

(*Nashville,* December Term, 1938.)

Opinion filed July 1, 1939.

CUMMINGS & MELTON, of Woodbury, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error, Wiley Willard, was indicted for public drunkenness. Upon his trial before a jury of six persons he was found guilty as charged. The trial judge fixed his punishment at a fine of $25 and that he pay the costs of the case. He has appealed to this court and assigned errors.

By certain of the assignments of error it is complained that the trial court erred, over the objection of plaintiff in error, in requiring him to be tried by a jury of six persons as provided by Chapter 68, Public Acts 1939, of the General Assembly of Tennessee, because said Act is unconstitutional in that it violates Article 1, section 6, of the Constitution of Tennessee guaranteeing the right to trial by jury. The Act above referred to is as follows:

"An Act to dispense with jury trials of misdemeanor offenses not involving life or liberty, and/or to provide for such trials by a jury of six competent jurors.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That any person charged with a misdemeanor offense not involving life or liberty, upon recommendation or request of the District Attorney-General, and the defendant, may be tried, in the circuit or criminal courts of this State, by the Judge without a jury; or, upon demand for a jury by the defendant, he or she shall be tried by a jury of six competent jurors.

"Section 2. Be it further enacted, That this Act shall not be construed or invoked to deny any person of the right of trial by jury as such right existed under the common law.

"Section 3. Be it further enacted, That this Act shall take effect from and after its passage, the public welfare requiring it."

■ We have no statute in Tennessee denouncing public drunkenness, but it is punishable as a common-law misdemeanor. *Smith* v. *State*, 20 Tenn. (1 Humph.), 396; *State* v. *Graham*, 35 Tenn. (3 Sneed), 134; *State* v. *Figures Smith*, 50 Tenn. (3 Heisk.), 465; *State* v. *Kelly*, 138 Tenn., 84, 195 S. W., 1126.

■ All misdemeanors, where the punishment is not prescribed by statute, are punishable by fine or imprisonment, or both, in the discretion of the court. Code, Section 10756; *Atchison* v. *State*, 81 Tenn. (13 Lea), 275.

■ Plaintiff in error having been convicted of public drunkenness, the trial judge could have imposed a sentence of imprisonment. Thus the misdemeanor with which plaintiff in error was charged involved his liberty,

and such a charge is expressly excluded from the operation of Chapter 68, Public Acts 1939.

█ █ Section 6, Article 1, of the Constitution of this State provides: "That the right of trial by jury shall remain inviolate . . ." Our decisions hold that this constitutional provision protects the right of trial by jury only as it existed at common law insofar as it had been adopted and was in force in North Carolina, when the territory embraced in Tennessee was ceded by North Carolina to the Federal Government. *Howard and Von Drake* v. *State*, 143 Tenn., 539, 227 S. W., 36; *Woods* v. *State*, 130 Tenn., 100, 106, 169 S. W., 558, L. R. A., 1915F., 531; *State* v. *Sexton*, 121 Tenn., 35, 41, 114 S. W., 494; *Garner* v. *State*, 13 Tenn. (5 Yerg.), 160, 176. The right of trial by jury is the right guaranteed to every litigant in jury cases to have the facts involved tried and determined by twelve jurors. *Neely* v. *State*, 63 Tenn. (4 Baxt.), 174, 180; *Bowles* v. *State*, 37 Tenn. (5 Sneed), 360.

█ Misdemeanors not involving life or liberty may be tried under the constitution without a jury, because such misdemeanors were triable under the common law without a jury. *McGinnis* v. *State*, 28 Tenn. (9 Humph.), 43, 46, 49 Am. Dec., 697; *Trigally* v. *Mayor & Aldermen of Memphis*, 46 Tenn. (6 Cold.), 382, 388; *State* v. *Sexton*, 121 Tenn., 35, 43, 114 S. W., 494. However, in *Howard and Von Drake* v. *State*, 143 Tenn., 539, 551, 227 S. W., 36, and in *Spurgeon* v. *Worley*, 169 Tenn., 697, 90 S. W. (2d), 948, the court made a distinction between misdemeanors generally and so-called petty misdemeanors and, in effect, limited the authority of the cases just above cited to misdemeanors punishable by fine of not more than $50 without imprisonment, except for nonpayment of fine and costs.

The able assistant attorney-general concedes in his brief that it was error on the part of the trial court to require plaintiff in error to go to trial before a jury of six persons. Because of this error, the judgment of the trial court must be reversed and the case remanded for a new trial.