BOB LAWS

*v.*

STATE OF TENNESSEE.

404 S.W.2d 510.

(*Knoxville,* September Term, 1965.)

Opinion filed June 3, 1966.

Jack E. Vaughn, Johnson City, for plaintiff in error.

George F. McCanless, Attorney General, and Thomas E. Fox, Assistant Attorney General, Nashville, for the State. Lodge Evans, District Attorney General, Elizabethton, prosecuted case for State in trial court.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Plaintiff in error was indicted in a one-count indictment for unlawfully maintaining a public nuisance at a house in Johnson City, Tennessee. He was also charged in this same indictment for the unlawful possession and sale of intoxicating liquors at the house. This charge apparently was intended to support the nuisance charge. He was convicted for maintaining a public nuisance and his punishment was fixed at six months in the county workhouse and to pay a fine of $500.00.

The assignments of error in his behalf are:

(1) T.C.A. sec. 23-301, which defines a nuisance and provides for the abatement of the same does not define a criminal offense (misdemeanor).

(2) The evidence preponderates against the verdict and in favor of the innocence of the accused if the facts alleged constitute a criminal offense.

(3) The charge against plaintiff in error is neither an indictment nor a presentment in that it did not contain the names of any members of the grand jury other than the foreman as required for a presentment, or the signature of the District Attorney General as required on an indictment.

The bill of exceptions is in narrative form and shows that a number of witnesses testified that they had seen the exchange of bottles of liquor for money upon the property in which Laws is charged with conducting a public nuisance; that the street was congested with automobiles in and about this property; that small children had been seen hiding bottles about this property; that Laws had been seen drunk on the property.

One Solesby, owned the property where this nuisance was alleged to be maintained. Different witnesses who resided near this property and who were visiting near it testified to the above stated facts. There was likewise proof offered on behalf of the plaintiff in error which is to the contrary. When we thus take the evidence as it is here, it was clearly sufficient to justify the verdict and it doesn't preponderate against the verdict and in favor of the innocence of the accused.

Witnesses, whose testimony supported the verdict, testified that they had not examined the contents of the bottles, however, under the circumstances the fact that

money was exchanged for the bottles and that there was a good deal of traffic in and about the premises, the inference is clear that these bottles contained intoxicating liquor. Even though plaintiff in error did not live on the premises his being drunk there and selling whiskey on these premises clearly indicates that the premises had been pretty well turned over to him when he needed it in conjunction with his illicit trade and that he was nevertheless maintaining a public nuisance on the premises. Under such circumstances the courts of this State have held over the years that the jury and trial judge having seen and heard these witnesses, and if there is ample material evidence to support the finding of the jury, this Court will not overturn the verdict, and find that the evidence preponderates against the verdict. In *Cooper v. State,* 123 Tenn. 37, 138 S.W. 826, this Court held that even where it could be argued pro and con that the mere fact that it could be thus argued that the evidence does not preponderate in favor of the innocence of the accused. This case, that is *Cooper v. State,* upon being Shepardized discloses many excellent statements of when and how such a situation must be applied.

■ An interesting argument is made, and this is one of the assignments, that T.C.A. sec. 23-301 defines certain public nuisances which includes engaging in the sale of intoxicating liquors, but that this Section does not constitute such a criminal offense. The maintenance of a public nuisance is an offense against the State, and upon proper allegations and proof would subject the person who maintained it to an indictment. See 66 C.J.S. Nuisances sec. 159 through sec. 169 and 46 C.J., Nuisances, particularly sec. 475 at page 815, where cases from many jurisdictions are cited including Federal as well as Eng-

lish cases, supporting the proposition that the creation and maintenance of a public nuisance is an indictable offense at common law.

■■ A public nuisance at common law is punishable as a misdemeanor. *Wright v. State,* 130 Tenn. 279, 170 S.W. 57. We don't have a statute in this State denouncing the acts herein and defining them as criminal under the particular facts shown here as to keeping a public nuisance, but we do have the comparatively recent case of this Court of *Willard v. State,* 174 Tenn. 642, 130 S.W.2d 99, wherein it is held that public drunkenness is punishable as a common law misdemeanor, even though there is no statute denouncing public drunkenness, and that:

"All misdemeanors, where the punishment is not pre-scribed by statute, are punishable by fine or imprisonment, or both in the discretion of the court. Code, sec. 10756 [at present sec. 39-105, T.C.A.]; *Atchison v. State,* 81 Tenn. 275, 13 Lea 275."

So it is plain to us that even though this statute does not make this public nuisance a criminal offense it has become a crime because a public nuisance is a crime at common law and thus is punishable under the statute which fixes the punishment for a misdemeanor, being T.C.A. sec. 39-106 where the statute fixes the punishment in cases not otherwise fixed. Article 11, Section 1 of the Constitution of Tennessee provides that all common law offenses effective at the time of the adoption of the Constitution shall continue in force until they expire or are changed by the Legislature. There is nothing in our Code to indicate that this has been altered or repealed.

■ Lastly, it is argued that this is merely an inquisitorial indictment and does not meet the requirements of

an indictment because it is not signed by the District Attorney General nor is it a presentment because it is not signed by every member of the grand jury. The record shows that this indictment was signed by the foreman of the grand jury and on the face of the indictment it is signed by the Honorable Lodge Evans, District Attorney General. We think unquestionably that the indictment is sufficient because it charges a public nuisance, that is, the sale of liquor on these premises, the gathering of people in and around there, throwing empty bottles and things of the kind on a dead-end street, and this is an offense against the people of the State.

This Court comparatively recently in *Stoots v. State,* 205 Tenn. 59, 325 S.W.2d 532, undertook to take up various forms of indictments and presentments in this State, and even though the facts in the *Stoots* case are different from those in the present case the reasoning in the *Stoots* case and the authorities there cited are applicable in the present case and for the reasons stated in the *Stoots* case we hold that this indictment is a sufficient basis whereby this man is charged with conducting a public nuisance and the proof preponderated in favor of the finding of the court that he did so conduct a public nuisance. The offense is properly punishable under T.C.A. sec. 39-106.

After having carefully considered these matters, the judgment below must be affirmed.