**STATE of Tennessee, Appellee,**

v.

**Eugene DUSINA, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Jan. 30, 1989.

Petition to Rehear Denied
Feb. 13, 1989.

Janice Bossing, Asst. Atty. Gen., Charles W. Burson, Atty. Gen. & Reporter, Nashville, for defendant-appellant.

Eugene Dusina, Knoxville, pro se.

Karl F. Dean, Amicus Atty., Paul J. Morrow, Jr., Chairperson, Tennessee Association of Criminal Defense, Lawyers Amicus Committee, Nashville, for plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

In this case the Court of Criminal Appeals found that the appellant had been convicted of speeding pursuant to the general laws proscribing that offense and that he had been fined $50.00 pursuant to T.C.A. § 55–10–301(a). That section authorizes a fine of from $2.00 to $50.00 for speeding and confinement for not more than thirty days, or both. The Court of Criminal Appeals held that the offense was a "small offense" so that the appellant was not entitled to a trial by jury as he had demanded. The Court of Criminal Appeals in this case, as in previous cases, adopted a definition of "small offenses" as utilized by federal courts interpreting the United States Constitution. This standard is different from that obtaining under state law. This Court granted review primarily to consider that issue.

Upon examination of the record, however, it is rather clear that the appellant was not charged or convicted under the general laws pertaining to speeding but under special statutes dealing with traffic on interstate highways. In the general sessions court the judgment stated that he was fined under T.C.A. § 55–8–152 for speeding on an interstate highway. At the trial in the criminal court the prosecutor reiterated that the trial was being held under the provisions of that statute, and the citation issued to the appellant charged that he was driving on an interstate highway at a speed of 70 miles per hour in a 55–mile zone on September 27, 1986.

Under the terms of that statute, T.C.A. § 55–8–152(g), only a fine of from $2.00 to $50.00 is authorized under the circumstances stated in the citation and established by the evidence. Conviction for driving on an interstate highway at a speed greater than 55 miles per hour but less than 75 miles per hour carries a fine of not more than $50.00, without costs, and without reporting to the Department of Safety and without any requirement that the offender be directed to attend the driver education courses as may be ordered under the general penalties for speeding in T.C.A. § 55–10–301. Nor does a conviction for such speeding result in suspension or revocation of the operator's license unless the excess speed is such as to constitute reckless driving. There was no charge of reckless driving. A fine of $10.00 without costs was imposed in the general sessions court. In the criminal court a fine of $50.00 was levied, but costs were not assessed against the appellant.

It thus appears that appellant was not convicted under the general speeding statutes. Since the statute under which he was convicted did not carry any term of imprisonment or a fine in excess of $50.00, under the general definition of the term in this state the offense was indeed a "small offense" for which appellant was not entitled to a trial by jury. We have considered all of the other issues raised by the appellant in the Court of Criminal Appeals and preserved here, but find none of them to have merit.

We respectfully disagree with the Court of Criminal Appeals, however, in its decision in this case and in the case of *Robinson v. Gaines*, 725 S.W.2d 692 (Tenn.Crim. App.1986) that a "small offense" under Tennessee law can include a term of imprisonment up to six months. In the two cases the Court of Criminal Appeals adopted the definition of a small offense under the United States Constitution as interpreted by the United States Supreme Court. This definition includes offenses in which there may not be a fine in excess of $50.00 or a jail sentence of more than six months. In such cases the United States Supreme Court has held that there is no right to a trial by jury under the federal constitution. *See, e.g., Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Blum v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *Dyke v. Taylor Implement Manufacturing Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1967).

The term "small offense" has traditionally been defined in Tennessee as one in which the punishment cannot exceed a fine of $50.00 and which carries no confinement in a jail or workhouse. The term was so defined in 1847–48 Tenn. Public Acts, ch. 55. That definition remained in the statutes, codified as T.C.A. § 40–408, until the adoption of the Tennessee Rules of Criminal Procedure in 1978. The statute was repealed by 1979 Tenn. Public Acts, ch. 399, following the adoption of the rules, as were a number of other statutes. The statutory definition of a small offense, however, was incorporated by reference and carried forward in the provisions of Rule 5(b) of the Rules of Criminal Procedure.

Article I, Section 6 of the Constitution of Tennessee preserves the right of trial by jury as that right existed at common law insofar as that law had been adopted and was in force in North Carolina when the territory embraced in Tennessee was ceded by North Carolina to the United States government. *Willard v. State*, 174 Tenn. 642, 130 S.W.2d 99 (1939). The right to trial by jury was not unlimited. For example, it did not include equity cases or cases involving summary punishment for contempt of court, even though confinement in a jail or workhouse might be imposed as punishment. *See generally Pass v. State*, 181 Tenn. 613, 184 S.W.2d 1 (1944). Nor did it extend to fines of $50.00 or less. Tenn. Const. Art. VI, § 14.

For violation of general criminal statutes, however, where a fine of more than $50.00 or any confinement of the accused may be imposed, the right to jury trial under the Tennessee constitution is well-established. *See Willard v. State*, 174 Tenn. 642, 645, 130 S.W.2d 99, 100 (1939), where earlier cases were discussed and the state constitution interpreted to authorize a trial by jury except in misdemeanor cases "punishable by fine of not more than $50.00 without imprisonment, except for nonpayment of fine and costs." [1] *See also Capitol News Co., Inc. v. Metropolitan Gov't of Nashville and Davidson County*, 562 S.W.2d 430, 432 (Tenn.1978).

There was no intention in the adoption of the Rules of Criminal Procedure to change the definition of small offenses as contained at that time in the state statutes. The offense proscribed under the general speeding laws and punishable by a jail term under T.C.A. § 55–10–301 is not a "small offense" under state law. The offense proscribed in T.C.A. § 55–8–152(g) at the time and under the circumstances shown in this case is a small offense. For that reason there was no error in the action of the trial court in denying appellant's demand for a jury trial.

The judgment of the Court of Criminal Appeals is affirmed for the reasons stated. Costs are taxed to the State. The cause will be remanded to the trial court for any further proceedings which may be necessary.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.

---

1. In the *Willard* case the Court held that one accused of public drunkenness was entitled to demand trial by a twelve-member jury rather than a jury of six. A statute at that time authorized a six-member jury for the trial of misdemeanors "not involving life or liberty." 1939 Tenn.Pub.Acts, ch. 68 (since repealed).

## ORDER ON PETITION TO REHEAR

Under date of February 2, 1989, a petition for rehearing was filed on behalf of appellee. After consideration, the Court is of the opinion that the petition is not well taken and the same is accordingly denied.