**STATE of Tennessee, Appellee,**

v.

**Thomas Wayne JARNIGAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 3, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Joe H. Walker, Public Defender, Walter B. Johnson, Asst. Public Defender, Harriman, for Appellant.

Charles W. Burson, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Nashville, Charles E. Hawk, District Attorney General, Walter Johnson, II, Assistant District Attorney General, Harriman, for Appellee.

## OPINION

WELLES, Judge.

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant was convicted of the misdemeanor offense of operating a motor vehicle with an impermissibly tinted window. At trial, the Defendant argued only that his motor vehicle windows were not illegally tinted. On appeal, the Defendant argues only that he was denied his right to a trial by jury. Even though it may seem that this Defendant does not deserve relief, we are compelled to reverse the conviction and remand this case to the trial court.

This case began when an officer of the Tennessee Highway Patrol issued the Defendant a citation for violating the motor vehicle window tinting law, a Class C misdemeanor. Tenn.Code Ann. § 55–9–107. The case was initially heard in the General Sessions Court of Roane County. The General Sessions Court judgment reflects that the Defendant entered a plea of not guilty, but was found guilty and fined twenty-five dollars. The "waiver of jury trial" found on the preprinted General Sessions Court judgment was not signed by the Defendant.

The Defendant then appealed his conviction to the Criminal Court for Roane County. The record does not reflect that the Defendant made demand for a jury trial at the time of his appeal nor at any time in the Criminal Court for Roane County. After conducting a bench trial in the criminal court, the trial judge found the Defendant guilty. He was fined fifty dollars and sentenced to thirty days in the county jail, with the jail time being suspended. He now appeals to this court, arguing that he was denied his right to a jury trial. Because we cannot conclude from this record that the Defendant ever waived his right to a jury trial, we must reverse the conviction.

In Tennessee, a person charged with a crime, other than a small offense, is entitled to a trial by jury. Tenn. Const., art. 1, §§ 6, 14; Tenn.R.Crim.P. 23. In general sessions court, if the offense charged is a misdemeanor greater than a small offense, a trial on the merits may be conducted only if the Defendant waives in writing his right to a grand jury investigation and a jury trial and submits his case to the jurisdiction of the general sessions court. Tenn.R.Crim.P. 5(c)(2).

■ From this record, it does not appear that the Defendant waived in writing his right to a grand jury investigation or a trial by jury at the time his case was heard in the General Sessions Court of Roane County. If the Defendant did not waive these rights in writing, it was error for the general sessions court to conduct a trial on the merits rather than a preliminary examination. If the general sessions court did so err, one remedy available to the Defendant was to appeal his conviction to the Criminal Court of Roane County, which the Defendant did.

■ In the criminal and circuit courts of Tennessee, all criminal cases except small offenses must generally be tried by a jury unless the defendant waives a jury trial in writing. Tenn.R.Crim.P. 23. When a misdemeanor has been tried on the merits in general sessions court, our legislature has preserved the right for a jury trial if the Defendant appeals his conviction to the circuit or criminal court. Tenn.Code Ann. § 27–3–131(a). In such a case, if a defendant desires a jury trial in the circuit or criminal court, the Defendant must make demand for a jury trial at the time of the filing of the appeal. Tenn.Code Ann. § 27–3–131(b). If a demand for a jury trial is not made at the time of the filing of the appeal, the right to a trial by jury is *by statute* deemed to be waived. Tenn.Code Ann. § 27–3–131(b). We believe this statute contemplates that the Defendant has first waived in writing his right to a jury trial in general sessions court, because otherwise the Defendant should not have been tried on the merits in that court. Therefore, if the Defendant had waived his right to a jury trial in the general sessions court, we would have no hesitancy in concluding that a jury trial was waived in the criminal court.

We recognize that in criminal cases originating with a trial in the general sessions court, the record should reflect that the Defendant waived in writing his right to a jury trial in general sessions court and submitted his case to the jurisdiction of that court sitting without a jury. In the case *sub judice*, the record does not reflect that the Defendant waived his right to a jury trial in general sessions court. In such a case, a panel of this court held that the *statutory* waiver of the jury trial upon appeal to the circuit or criminal court did not apply. *State v. William R. Brinkley*, No. 01C01–9103–CR–00070, Sumner County (Nashville, Oct. 11, 1991).

On this appeal, the Defendant appeals from the judgment of the trial court and argues that he was "denied his right to a trial by jury." The court record and transcript from the trial in the Criminal Court for Roane County reflect that at no time did the Defendant or his attorney demand, request, or even express a casual preference for a jury trial. The Defendant, with counsel at his side, voiced no objection to being tried without a jury. We note that we are not required to grant relief to a party who was responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. T.R.A.P. 36(a). It might seem fitting that we exercise our discretion and deny the Defendant any relief.

However, the right of a person charged with a crime to be tried by a jury of his or her peers is fundamental to our criminal justice system. We do not believe that a requirement that a person waive that right in writing at some point prior to submitting to a bench trial is an unreasonable burden. In the case *sub judice*, the Defendant may be "playing the system." Nevertheless, in order to protect the rights of others, we must protect the rights of Mr. Thomas Wayne Jarnigan.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings.

WADE and SMITH, JJ., concur.