DROWOTA, Justice,
concurring and dissenting.
I fully concur in the majority’s decision that the trial court did not err in refusing to instruct the jury on the elements of aggravated assault since it is neither a lesser grade nor lesser included offense of attempted aggravated rape. However, I dissent from the majority’s conclusion that the juror’s absence during a portion of the State’s initial closing argument was a fundamental defect in the trial mechanism under Article I, § 6 of the Tennessee Constitution which is not subject to a harmless error analysis and which was prejudicial to the judicial process. For the reasons that follow, I am of the opinion that harmless error analysis applies and that neither the defendant, nor the judicial process were prejudiced by the error in this case.

*555
APPLICABILITY OF HARMLESS ERROR ANALYSIS

Since there is no recognized procedure for discharging or replacing a juror, selecting an alternate, and then reinstating the original discharged or absent juror, the State concedes that the action of the trial court was error. However, the State argues that the error was harmless. Relying upon State v. Bobo, 814 S.W.2d 353 (Tenn.1991), the majority holds that the error implicates the fundamental right to trial by jury under Article I, § 6 of the Tennessee Constitution and constitutes a defect in the structure of the trial mechanism which is not subject to harmless error analysis. I disagree.
Article I, § 6 of the Tennessee Constitution provides that the right of trial by jury must be preserved inviolate, which means that the right must be preserved as it existed at common law at the time of the adoption of the constitution. Bobo, 814 S.W.2d at 356. Encompassed within the right to trial by jury are the following principles: (1) every fact must be tried and determined by twelve jurors; (2) all issues of fact must be submitted to the same jury at the same time; and (3) the jury verdict must be unanimous. Id; see also Willard v. State, 174 Tenn. 642, 130 S.W.2d 99 (1939); State v. Shelton, 851 S.W.2d 184, 137 (Tenn.1993).
In Bobo, two of these principles were compromised when the trial judge replaced one of the regular jurors with a previously discharged alternate juror after deliberations had begun. The error was compounded because the trial judge failed to instruct the jury to begin deliberations anew. Recognizing that there was no procedural rule in place to govern the replacement of a regular juror after deliberations had begun, this Court held that the defendant’s state constitutional right to a trial by jury had been violated by the trial court’s action. Determining that the error amounted to a defect in the structure of the trial mechanism which is not subject to harmless error analysis, this Court reversed the conviction and adopted a rule of automatic reversal when a regular juror is replaced with an alternate after deliberations have begun.[1]
Contrary to the majority’s conclusion, Bobo clearly does not control the outcome of this case. Here, the substitution and reinstatement occurred before deliberations began. The regular juror was absent only during a portion of the State’s initial closing statement. The juror did not miss any portion of the proof. The defendant’s right to a trial by jury was not violated in this case. Every fact was tried and determined by the same twelve jurors at the same time, and the verdict was unanimous. Although closing argument is a valuable privilege for both the State and the defense, it is just that, a privilege. Cf. Cone v. State, 747 S.W.2d 353, 357 (Tenn.Crim.App.1987) (defense counsel waived closing argument). Closing argument is not part of the constitutional right to a trial by jury. Moreover, statements of counsel during closing argument are not evidence. State v. Woods, 806 S.W.2d 205, 211 (Tenn.Crim.App.1990). Indeed, jurors in this State are routinely instructed that statements of counsel are not evidence and should be disregarded if not supported by the proof. T.P.I.-Crim. § 1.07 (3rd ed.1992). In fact, the jurors in this case were so instructed. Accordingly, in my view, the error in this ease does not implicate the defendant’s right to a jury trial and therefore is not controlled by the rule of automatic reversal announced in Bobo.
More closely resembling the circumstances of this case in my view are the facts of State v. Chestnut, 643 S.W.2d 343 (Tenn.Crim.App.1982), perm. app. denied. 10/4/82. There, three of the jurors had difficulty staying awake during the testimony of one of the witnesses. The trial judge declared a recess and sent the jurors from the courtroom when he noticed one of the jurors sleeping. Counsel for both sides were informed of the trial court’s observation. The record revealed that the juror had slept through five minutes *556 of proof. Despite the fact that the juror had actually missed five minutes of proof, the Court of Criminal Appeals applied a harmless error analysis and affirmed the verdict of the jury. In so holding, the intermediate court noted that counsel for the defendant did not seek to have the sleeping juror replaced with the alternate juror who had been awake.
Application of the harmless error analysis to the facts of this case likewise compel the conclusion that the defendant was not prejudiced by the trial court’s error in this case. Indeed, the error in this case actually may have inured to the benefit of the defendant since the juror missed only a portion of the State’s initial closing argument. Though the parties in this case apparently agree that the juror missed twenty minutes of argument, it is difficult to conceive how the argument, which is contained in two pages of transcript, could have taken twenty minutes. In any event, the State was given the opportunity to repeat its closing argument when the juror arrived, but declined to do so. As previously stated, the statements of counsel during closing argument are not evidence. Though it is a privilege, closing argument may be waived. Although a finding of prejudice might be justified if the juror had missed the defendant’s closing argument, the defendant certainly has suffered no prejudice from the fact that the juror was absent during a portion of the State’s initial closing argument.
Moreover, contrary to the majority’s holding, the error did not result in prejudice to the judicial process. Though the actions of the trial court in this case were error, this was an isolated incident. There is nothing in the record to suggest that the trial court routinely substitutes alternate jurors and then subsequently reinstates the absent regular juror. This is not a case which is illustrative of an ongoing erroneous practice which might constitute prejudice to the judicial process. Compare State v. Coleman, 865 S.W.2d 455 (Tenn.1993) (trial court consistently did not strictly follow procedural rules regarding jury selection, yet this Court only cautioned that further deviation could result in prejudice to the judicial process). In fact, the trial judge in this case was careful to point out that the absent juror missed only a portion of the State’s initial closing argument and no proof. Therefore, in my view, the error did not result in prejudice to the judicial process.
Also significant is that the defendant in this case, as in Chestnut, did not contemporaneously object to the trial court’s decision to reinstate the juror who arrived late, which he now challenges as error on appeal. Indeed, the issue was not raised in the defendant’s motion for new trial, and in fact, was raised for the first time on appeal to the Court of Criminal Appeals. Generally, a defendant’s failure to timely object to an error constitutes a waiver of appellate review of the issue. Tenn.RApp.P. 3(e); 13(b) & 36(a). Rule 36(a), Tenn.RApp.P., specifically directs that relief on appeal need not be granted “to a party responsible for an error or [to a party] who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.” Although appellate courts have the discretion under Rule 52(b), Tenn.R.Crim.P., and Rule 13(b), Tenn.RApp.P., to grant relief for plain error, even if the error has not been preserved for appellate review, this is an extraordinary remedy which should be applied sparingly as is clearly stated in the Advisory Commission Comments to Rule 13, Tenn.RApp.P. Because the error in this case neither affected the substantial rights of the accused, nor resulted in prejudice to the judicial process, this is not an appropriate case for application of the plain error doctrine. Therefore, in my view, the error was actually waived, and appellate review of the issue is not available. However, even considering the merits of the claim, as the majority does, I am of the opinion the error was harmless.

CONCLUSION

For the reasons previously stated, I dissent from the majority’s conclusion that the juror’s absence during closing argument was a fundamental defect in the trial mechanism under Article I, § 6 of the Tennessee Constitution which is not subject to harmless error analysis and which was prejudicial to the judicial process. I am of the opinion that harmless error analysis applies and that nei *557 ther the defendant, nor the judicial process were prejudiced by the error in this case. Accordingly, I would reverse the decision of the Court of Criminal Appeals and reinstate the judgment of the trial court upholding the defendant’s conviction for attempted aggravated rape.

. I filed a dissent from the majority decision in Bobo, on the basis that adoption of a procedural rule, rather than an automatic rule of reversal, would better address the question of whether a regular juror may be replaced with an alternate after deliberations have begun. The circumstances of this case again illustrate the need for a procedural rule in this area to promote judicial efficiency and consistency.