IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## STATE OF TENNESSEE v. TOMMY R. POWELL

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-132-801     Timothy L. Easter, Judge**

---

**No. M2001-02955-CCA-R3-CD - Filed April 24, 2002**

---

Defendant was found guilty of violating the state speeding law by the Fairview City Court and, on appeal, was again found guilty by the Circuit Court of Williamson County. In this appeal, defendant contends he was denied his constitutional right to trial by jury, and the evidence was insufficient to support his conviction. Although we find the evidence sufficient to support the conviction, we conclude defendant was deprived of his right to trial by jury. We reverse and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Tommy R. Powell, Bell Buckle, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant was cited on June 25, 2001, to the Fairview City Court for driving 70 miles per hour in a 50 mile per hour speed zone on State Highway 96. That court has concurrent jurisdiction with the general sessions court to hear criminal matters. *See* Tenn. Code Ann. § 6-21-501(b). He was found guilty by the Fairview City Court, and he perfected an appeal to the Circuit Court of Williamson County. The Circuit Court of Williamson County also found him guilty of speeding and remanded the matter to the Fairview City Court for "dismissal upon completion of driving school." *See* Tenn. Code Ann. § 55-10-301(b)(1). This appeal followed.

**RIGHT TO JURY TRIAL**

Defendant first contends he was deprived of his constitutional right to trial by jury. We must agree.

**A. Procedural History**

Defendant asserts he requested a jury trial when he first appeared before the Fairview City Court, and that court denied his request.[1] Although we do not have a transcript of that proceeding, a written waiver of trial by jury does not appear in the technical record. Upon being found guilty of speeding by the Fairview City Court, defendant properly perfected an appeal to the Circuit Court of Williamson County. Although he made no written request for jury trial upon perfecting the appeal, the record does reveal he orally requested trial by jury when he appeared in circuit court. The circuit court denied his request, finding defendant could not be fined more than fifty dollars ($50.00) nor be incarcerated for speeding. The trial court then conducted a bench trial and found the defendant guilty of speeding.

**B. Analysis**

"[W]here a fine of more than $50.00 <u>or</u> any confinement of the accused <u>may</u> be imposed, the right to jury trial under the Tennessee constitution is well-established." State v. Dusina, 764 S.W.2d 766, 768 (Tenn. 1989) (emphasis added); *see also* State v. Lemacks, 996 S.W.2d 166, 169 (Tenn. 1999); Tenn. Const. Art. 1, § 6 and Art. VI, § 14. In Dusina, the court recognized the state constitutional right to trial by jury is more expansive than the federal constitutional right, the latter of which guarantees the right to a jury trial only where the fine exceeds fifty dollars ($50.00) or confinement of more than six (6) months. 764 S.W.2d at 768 (citing Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968)).

Where a misdemeanor is tried in the general sessions court or a city court having state jurisdiction and the defendant is convicted, the defendant has a right to appeal to the circuit or criminal court with a trial *de novo*. Tenn. R. Crim. P. 5(c)(2). Such an appeal to the circuit or criminal court includes the right to trial by jury, provided a demand is made at the time of the filing of the appeal. Tenn. Code Ann. § 27-3-131. However, there is no right to trial by jury for "small offenses." Tenn. R. Crim. P. 5(b). A "small offense" is one in which "the punishment cannot exceed a fine of $50.00 and which carries no confinement in a jail or workhouse." Dusina, 764 S.W.2d at 768.

Speeding pursuant to the general statutes in Tennessee is punishable as a Class C misdemeanor. *See* Tenn. Code Ann. § 55-10-301(a). A Class C misdemeanor carries punishment

---

[1] If this is true, the city court should not have heard this matter since, as we later determine in this opinion, this was not a "small offense." *See* Tenn R. Crim. P. 5(c)(2).

of not greater than thirty (30) days or a fine not to exceed fifty dollars ($50.00), or both. Tenn. Code Ann. § 40-35-111(e)(3).

The state, while recognizing that speeding is a Class C misdemeanor, contends it is a "small offense." Since a Class C misdemeanor carries the possibility of confinement, it cannot be a small offense. Dusina, 764 S.W.2d at 768; *see also* Op. Tenn. Att'y Gen. No. 00-192, 2000 Tenn. AG LEXIS 196 (Dec. 21, 2000) (opining that a defendant charged with a Class C misdemeanor has a constitutionally protected right to a jury trial that may be relinquished only by a valid written waiver). Defendant was entitled to a trial by jury.

The state's reliance upon Dusina is misplaced. Dusina held there was no right to trial by jury for a charge under a special speeding statute dealing with traffic on interstate highways, which only provided for a fine from two dollars ($2.00) to fifty dollars ($50.00) with no authorization for confinement. 764 S.W.2d at 767. The court specifically stated that ordinary speeding violations carried possible punishment of a jail term under Tenn. Code Ann. § 55-10-301 and were not "small offenses." *Id.* at 768.

We acknowledge that in order to secure a jury trial in a criminal matter on an appeal from general sessions court or a city court having state jurisdiction, the statute requires that the demand for jury trial be made at the time of filing the appeal. Tenn. Code Ann. § 27-3-131(b). However, this statute contemplates that the defendant has first waived in writing his right to a jury trial in the general sessions court or the city court having state jurisdiction; otherwise, the defendant should not have been tried on the merits in that court. State v. Jarnigan, 958 S.W.2d 135, 137 (Tenn. Crim. App. 1997) (holding defendant charged with violating the motor vehicle window tinting law, a Class C misdemeanor, was entitled to trial by jury); State v. William R. Brinkley, C.C.A. No. 01C01-9103-CR-00070, 1991 Tenn. Crim. App. LEXIS 842, at *3 (Tenn. Crim. App. Oct. 11, 1991, at Nashville). Thus, where the record does not reflect that the defendant waived his right to a jury trial in the general sessions court or the city court, the failure to make a written request for jury trial at the time of filing the appeal does not waive trial by jury. Jarnigan, 958 S.W.2d at 137.

Here, defendant's notice of appeal to the circuit court did not contain a demand for jury trial, although he orally requested a jury trial when he appeared in court. Nevertheless, the record does not reflect any written waiver of the right to trial by jury in the city court. Accordingly, defendant's failure to request a jury trial in his notice of appeal to the circuit court does not bar relief. We, therefore, must reverse the judgment of the trial court and remand for a trial by jury.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence was insufficient to support the finding of guilt of speeding. Should we find this issue has merit, double jeopardy would bar a retrial. However, we find the evidence sufficient to sustain the finding of guilt.

On appeal, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Accordingly, we will not reweigh the evidence, but instead, we will presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. *See* State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility are resolved by the trier of fact. *See* State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Although the defendant was convicted in a bench trial, the findings of the trial judge carry the same weight as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999).

At trial the arresting officer testified he clocked the defendant driving 70 miles per hour in a 50 mile per hour speed zone. Although he acknowledged that his radar did not reflect a reading when viewed by the defendant, the officer explained that he did not lock his radar on the reading.

The defendant testified he viewed his speedometer just prior to being clocked, and he was going 48 miles per hour. The defendant stated there were four (4) cars between the officer's vehicle and his own at the time he was allegedly clocked. The defendant questioned the radar reading at the scene and asked to view the reading. Defendant stated the officer showed him the dash-mounted unit, and it was turned off. The defendant denied going over 50 miles per hour.

The issue of guilt turned upon the credibility of the witnesses. The trial court obviously found the officer to be credible. We are without authority to find the evidence insufficient under these circumstances.[2]

## CONCLUSION

The judgment of the trial court is reversed, and this case is remanded to the trial court for trial by jury.

_____
JOE G. RILEY, JUDGE

---

[2]The trial proceeding was preserved on a CD with both audio and video capabilities. We have viewed and listened to the trial testimony. Although we observed and heard the same testimony as did the trial judge, the findings of the trial judge depended upon the credibility of the witnesses. Our standard of review does not allow us to resolve questions of credibility. Having concluded a rational trier of fact could find guilt, our inquiry ends. *But cf.* State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000) (holding that where findings of fact at a suppression hearing are based on evidence that does not involve credibility, an appellate court reviews the record without any presumption of correctness).