IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville October 27, 2009

**STATE OF TENNESSEE v. RANDY RALPH**

**Appeal from the Circuit Court for Warren County**
**No. M-11813    Larry B. Stanley, Jr., Judge**

————————————————

**No. M2009-00560-CCA-R3-CD - Filed January 21, 2010**

————————————————

The Defendant, Randy Ralph, appeals from his conviction by a jury in the Circuit Court for Warren County for driving an unregistered vehicle, a Class C misdemeanor. The trial court sentenced the Defendant to serve thirty days in jail and imposed a fine of $50. On appeal, the Defendant contends that the evidence was insufficient to convict him, that he should have been convicted under a different Code section, that he was improperly tried in the circuit court for a small offense, and that he should not have been sentenced to jail. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Randy Ralph, Spencer, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Joshua Crain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was indicted for driving an unregistered vehicle. He appeared pro se in the trial court proceedings. The record contains transcripts of the preliminary hearing and arraignment proceedings but not of the trial. There is no written statement of the evidence, and there is no motion for new trial in the record. The judgment reflects that the Defendant was convicted at a jury trial of the charged offense and sentenced to serve thirty days in jail.

The Defendant's pro se brief does not conform with the Rules of Appellate Procedure because it fails to cite to the record. See T.R.A.P. 27(a)(7). In fact, many of the facts recited in the Defendant's brief are not found in the appellate record. The Defendant's issues are not stated with precision, and he has not addressed each with appropriate argument. See id. However, we will address the issues we have identified.

The Defendant argues that the trial court erred in conducting a trial rather than allowing him to pay an administrative fee when the evidence demonstrated that the license tag was renewed on the first business day after he was cited. We interpret this issue as a challenge to the sufficiency of the evidence. However, we are unable to review the sufficiency of the evidence due to the lack of a trial transcript or a statement of the evidence. The Defendant filed a notice in the trial court that stated there would be no trial transcript because "there was no court reporter." In this case, the Defendant had the obligation, as the appellant, to prepare a statement of the evidence. See T.R.A.P. 24(c); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). "Where the record is incomplete and does not contain . . . portions of the record upon which the party relies, an appellate court is precluded from considering the issue." Ballard, 855 S.W.2d at 560-61 (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). Therefore, we must presume the trial court's determination was correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); Roberts, 755 S.W.2d at 836. The Defendant is not entitled to relief.

The Defendant also complains that he should have been cited for having an expired tag pursuant to Code section 55-4-104, not for a registration violation pursuant to Code section 55-3-102. The record reflects that the citation, a form with handwritten information added, charged the Defendant with violation of "TCA 55-4-1104" or "TCA 55-4-104." The section number is handwritten and difficult to decipher. The Defendant was then charged by presentment with "Driving an Unregistered Vehicle" in violation of Code section 55-3-102. The judgment reflects the Defendant's conviction of "Registration Violation" pursuant to Code section 55-3-102.

Code section 55-4-104 pertains to expiration and renewal of vehicle license plates and makes failure to renew registration in the manner prescribed a Class C misdemeanor. Section 55-3-102 makes driving an unregistered vehicle on a highway a Class C misdemeanor. The Defendant has cited no authority that he was entitled to be convicted under one of these statutes in preference to the other. In fact, the traffic citation, the transcripts of the preliminary hearing and the arraignment, the judgment, and the Defendant's admissions in his appellate brief, construed together support a conclusion that the Defendant drove a car without current registration on a highway, in violation of both statutes. We are unpersuaded of error.

The Defendant also complains that the circuit court lacked jurisdiction because he was charged with a small offense. The offense of which the Defendant was convicted was a Class C misdemeanor. Unless otherwise provided, a Class C misdemeanor is punishable by a sentence of not more than thirty days, a fine of $50 or less, or both. T.C.A. § 40-35-111(e)(3) (2006). A small offense is one which involves a fine of no more than $50 and no confinement. State v. Dusina, 764 S.W.2d 766, 768 (Tenn. 1989). The offense of which the Defendant was convicted carries confinement as a possible consequence and is not a small offense. "The circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute, unless otherwise expressly provided . . . ." T.C.A. § 16-10-102.

The Defendant also argues that this court should strike the confinement portion of his sentence because the statute provides only for a fine. He is incorrect. As noted above, the punishment for a Class C misdemeanor includes confinement up to thirty days, a fine of up to $50, or both. See T.C.A. § 40-25-111(e)(3).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE