# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs August 20, 2014

## STATE OF TENNESSEE v. JOHNNY FRANK ROYSTON, SR.

**Appeal from the Circuit Court for Sullivan County**
**No. S58497     Robert H. Montgomery, Jr., Judge**

_____

**No. E2014-00018-CCA-R3-CD - Filed January 13, 2015**

_____

CAMILLE R. MCMULLEN, J., concurring.

I respectfully concur in the majority opinion.  I write separately because I would have concluded that there was no <u>White</u> error in instructing the jury.  In my view, the trial court properly instructed the jury.  I part with the reasoning of the majority because the issue raised by the Defendant-Appellant in his brief was as follows:

> [W]hile the trial court's instruction to the jury did tract [sic] the proper <u>White</u> instruction, the jury instructions failed to clarify which accompanying felony the removal or confinement was not essentially incidental to, and therefore, based upon these instructions, it would be impossible for a jury to not only determine the weight of the evidence, but impossible to determine which crime and which evidence to consider and conclude whether or not the kidnapping offense was significant enough standing alone.  These improper instructions rendered verdict prejudice to the Defendant.

The Defendant-Appellant did not include this issue in his motion for new trial, and it is therefore subject only to plain error review.  <u>State v. Adkisson</u>, 899 S.W.2d 626, 636 (Tenn. Crim. App. 1994).

The Defendant-Appellant argues, for the first time on appeal, that the use of the word "or" rather than "and" in listing the accompanying offenses impinges on his constitutional right to a unanimous verdict.[1]  He does not present any argument or authority in support of

_____

[1] Under Tennessee law, a criminal defendant has a constitutional right to a jury trial in cases where he or she is exposed to confinement or a fine of more than fifty dollars.  <u>State v. Dusina</u>, 764 S.W.2d 766, 768 (Tenn. 1989).  This constitutional right necessarily includes the right to a unanimous jury verdict before

(continued...)

this issue. Nevertheless, I acknowledge the potential problem presented by the use of the disjunctive word "or" in the White instruction as provided in this case. Indeed, this case is unique because there were multiple accompanying offenses with some aspect of removal or confinement, i.e. attempted first degree murder and two counts of especially aggravated rape, in addition to multiple kidnapping-related offenses. The White instruction required the jury to consider either of the accompanying offenses, the attempted first degree murder or the two counts of aggravated rape, in determining whether each kidnapping was significant enough, standing alone, to support a conviction. Under this scenario, six members of the jury could conceivably convict the Defendant-Appellant of kidnapping based on conduct that was greater than necessary to constitute the attempted first degree murder while the other six jurors could have convicted him of kidnapping based on conduct that was greater than necessary to constitute rape. Not only could this result in a lack of jury unanimity, but it may also render the kidnapping convictions invalid. State v. Michael Burnette, No. E2005-00002-CCA-R3-CD, 2006 WL 721306, at *4 (Tenn. Crim. App. Mar. 22, 2006) (concluding that "[a] jury's verdict is not unanimous when the jurors find the same elements of a particular crime based on different facts and offenses . . . [and that] [i]ssues of jury unanimity can arise . . . when a single offense is charged, but there is evidence presented of different acts with each act being sufficient to support a conviction for the charged offense.") (citing State v. Johnson, 53 S.W.3d 628, 631 (Tenn. 2001)), perm. app. denied (Tenn. Sept. 5, 2006).

However, on the facts of this case, I am unable to conclude that the jury rendered a patchwork verdict in violation of the Defendant-Appellant's right to a unanimous verdict. See, e.g., State v. Hood, 221 S.W.3d 531, 547-48 (Tenn. Ct. App. 2006) (rejecting defendant's claim that the use of the word "or" in listing the alternative culpable mental states for the offense of aggravated rape violates state and federal constitutional protections against the possibility of non-unanimous jury verdicts). As an initial matter, the sole purpose of the White instruction is to insure that the confinement necessary to sustain a conviction of kidnapping is considered by the jury separately from the confinement inherent to any accompanying offenses. The accompanying offenses listed in the instruction are not separate acts required to support kidnapping or elements of kidnapping. For this reason alone, I do not believe the jury verdict was non-unanimous. Additionally, the State's theory of how the Defendant-Appellant confined the victim did not involve the attempted first degree murder. The prosecutor specifically argued in closing that the confinement attendant to the kidnapping occurred after the Defendant-Appellant attempted to kill the victim by choking her. He stated that the confinement was "separate and apart from the confinement he used to rape [the victim] and as he's leading her down that hall and it's after she hits him in the

---

[1](...continued)
a criminal conviction may be imposed. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993); State v. Brown, 823 S.W.2d 576, 583 (Tenn. Crim. App. 1991).

head[.]" In doing so, the State, in effect, elected the rape as the offense upon which the jury was to consider in rendering its verdict. Moreover, in my view, the proof was clear that the Defendant-Appellant completed the attempted second degree murder prior to confining and restraining the victim. <u>See, e.g.</u>, <u>State v. Cowan</u>, 46 S.W.3d 227, 233-34 (Tenn. Crim. App. 2000) (offense of attempted first degree murder is proven when defendant acts with intent to commit premeditated first degree murder and takes a substantial step toward committing the offense). Therefore, the jury could not have concluded that the subsequent restraint or confinement was merely incidental to the attempted second degree murder. Finally, I agree with the sample instruction provided by the majority and additionally recommend, in situations such as this, that trial courts provide an augmented jury unanimity instruction requiring the jury to agree upon which accompanying felony it is relying in reaching its verdict. <u>See</u> <u>State v. Lemacks</u>, 996 S.W.2d 166, 170 (Tenn. 1999). In all other respects, I agree with the majority and affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE