**Susan L. BROWN, Petitioner–Appellee,**

v.

**Fred De Loach LATHAM, Respondent– Appellant.**

**Patricia Peebles WALKER, Petitioner–Appellee,**

v.

**Clint Monroe WALKER, Sr., Respondent–Appellant.**

Supreme Court of Tennessee.

Jan. 22, 1996.

Mary Arline Evans, Nashville, for Petitioner–Appellee Susan Brown.

Charles W. Burson, Attorney General & Reporter, Jerry Smith, Deputy Attorney General, Nashville, for Petitioner–Appellee Patricia Peebles Walker and Amicus Curiae.

Clark L. Shaw, Nashville, for Respondents–Appellants.

John E. Herbison and Rebecca Freeman, Nashville, for amicus curiae Tennessee Ass'n of Criminal Defense Lawyers.

REID, Justice.

These cases, which were consolidated on appeal, arose from proceedings on petitions for contempt for failure to make child sup-

port payments in divorce cases. The issue presented for review is whether a person charged with violating Tenn.Code Ann. § 36-5-104(a) (1991), for the failure to comply with a child support order, is entitled to a jury trial.[1] The judgment of the Court of Appeals responding to that issue in the affirmative is affirmed.

Pursuant to a decree of divorce, Fred De Loach Latham was ordered to make certain child support payments. Subsequently, his former wife, Susan Latham (Brown), was awarded a judgment for arrearage and a wage assignment issued to Latham's employer. In response to a petition for contempt seeking the imposition of a fine and incarceration, Latham filed a third-party complaint against his employer claiming the support payments had been deducted from his wages. Latham also made a motion that the contempt proceedings be tried before a jury. Similarly, Clint Monroe Walker was charged upon a petition for contempt which sought his incarceration pursuant to Tenn.Code Ann. § 36-5-104(a). Walker also moved for a jury trial.

The trial courts denied the motions for a jury trial. On interlocutory appeals granted by the Court of Appeals, that court reversed and held that a person charged under Tenn. Code Ann. § 36-5-104(a) is entitled to a jury trial.

The Attorney General, who appeared as *amicus curiae* in the Latham case and prosecuted the petition for contempt on behalf of the State in the Walker case, asserts on behalf of the prosecution that the Court of Appeals erred in holding the respondents are entitled to trial by jury. The State insists that Tenn.Code Ann. § 36-5-104(a) only provides sanctions for failure to obey a court order and does not define a criminal offense. It further insists that there is no right to a jury trial in contempt proceedings.

The respondents say the Court of Appeals reached the right conclusion, that they are entitled to jury trials, but contend that the Court of Appeals erred in basing its decision on the finding that Section 36-5-104(a) is a criminal statute rather than a contempt statute.

The decision of this Court is that Section 36-5-104(a) defines a criminal offense and the respondents are entitled to jury trials. The statute states the essential indicia of a criminal offense. Its violation is not declared to be a contempt as contemplated by Tenn. Code Ann. § 29-9-102 (1980). Its stated purpose is not to compel performance but to punish for non-performance by imprisonment for a definite period of time. The language of subsection (b), "[n]o arrest warrant shall issue" under certain conditions, indicates a criminal proceeding.[2] The penalty imposed, imprisonment for a period of time not to exceed six months, conforms with the definition of a misdemeanor stated in Tenn.Code Ann. § 39-11-110 (1991), which provides, "... all violations of law punishable by fine or confinement for less than one (1) year, or both, are denominated misdemeanors." The punishment authorized far exceeds the $50 fine and ten days imprisonment provided in Tenn.Code Ann. §§ 29-9-102, 103, which are the sanctions traditionally utilized to vindicate the authority of the courts. Therefore, the violation of Tenn.Code Ann. § 36-5-104(a) is a criminal offense, in a proceeding

---

1. **Tenn.Code Ann. § 36-5-104. Failure to comply with child support order—Criminal sanctions.**—(a) Any person, ordered to provide support and maintenance for a minor child or children, who fails to comply with the order or decree, may, in the discretion of the court, be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months.

   (b) No arrest warrant shall issue for the violation of any court order of support if such violation occurred during a period of time in which the obligor was incarcerated in any penal institu-

tion and was otherwise unable to comply with the order.

2. *See* Rule 4, Tenn.R.Crim.P.; Tenn.Code Ann. § 40-6-201 *et seq.* Section 40-6-201 defines an arrest warrant:

   A warrant of arrest is an order, in writing, stating the substance of the complaint, directed to a proper officer, signed by a magistrate, and commanding the arrest of the defendant.

in which the respondent upon a finding of guilty may be imprisoned for a definite period not exceeding six months.

The respondent is entitled to a jury trial on the charge. In *State v. Dusina*, 764 S.W.2d 766 (Tenn.1989), this Court found:

> For violation of general criminal statutes, however, where a fine of more than $50.00 or any confinement of the accused may be imposed, the right to jury trial under the Tennessee constitution is well-established.

*Id.* at 768. In that case the Court, overruling a decision of the Court of Criminal Appeals adopting the federal definition of a small offense, stated:

> We respectfully disagree with the Court of Criminal Appeals, however, in its decision in this case and in the case of *Robinson v. Gaines*, 725 S.W.2d 692 (Tenn.Crim. App.1986) that a "small offense" under Tennessee law can include a term of imprisonment up to six months. In the two cases the Court of Criminal Appeals adopted the definition of a small offense under the United States Constitution as interpreted by the United States Supreme Court. This definition includes offenses in which there may not be a fine in excess of $50.00 or a jail sentence of more than six months. In such cases the United States Supreme Court has held that there is no right to a trial by jury under the federal constitution.
>
> The term "small offense" has traditionally been defined in Tennessee as one in which the punishment cannot exceed a fine of $50.00 and which carries no confinement in a jail or workhouse.

*Id.* at 768 (citations omitted). For the purposes of these cases, Tenn.Code Ann. § 36–5–104(a) is a "general criminal statute." Consequently, the decision of the Court of Appeals holding that the respondents are entitled to a jury trial is affirmed.

Pretermitted are the additional issues raised by the respondents: the constitutional limitations on a court's authority to punish for contempt; the distinction between a criminal offense and a criminal contempt; the relevance of the Thirteenth Amendment to the United States Constitution and Article I, Section 33 of the Tennessee Constitution to incarceration for any purposes other than punishment for a crime; and the practice of allowing counsel for an interested party (other than the State) to prosecute criminal contempts.

Costs are taxed against the State.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.