# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## BEVERLY JOYCE BLEDSOE v. MARION ISAIAH BLEDSOE

**Direct Appeal from the Chancery Court for Gibson County**
**No. 6020  George R. Ellis, Chancellor**

---

**No. W1999-01515-COA-R3-CV - Decided April 11, 2000**

---

Defendant Marion Isaiah Bledsoe (Father) appeals the trial court's judgment finding him in criminal and civil contempt of court for failing to pay court-ordered child support to Plaintiff/Appellee Beverly Joyce Bledsoe (Mother). We vacate that portion of the trial court's judgment finding the Father in criminal contempt of court and sentencing him to six months in the county jail based upon our conclusion that the Father was denied his right to a jury trial on the criminal contempt charge. We also vacate that portion of the trial court's judgment sentencing the Father to an unconditional term of incarceration of ten days in the county jail based upon our conclusion that the court was not authorized to impose this punishment for the Father's civil, as opposed to criminal, contempt of court. In all other respects, we affirm the trial court's judgment, and we remand this cause for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Vacated in part; and Remanded**

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and HIGHERS, J., joined.

Mary Jo Middlebrooks, Jackson, Tennessee, for the appellant, Marion Isaiah Bledsoe.

Jerald M. Campbell, Jr., Trenton, Tennessee, for the appellee, Beverly Joyce Bledsoe.

## OPINION

### I. Factual and Procedural History

When the parties were divorced in 1986, the Mother was awarded custody of the parties' two minor sons, and the Father was ordered to pay sixty-five dollars ($65) per week in child support. In December 1997, the Mother filed a petition for modification of child support and for civil contempt against the Father. In her petition, the Mother alleged that the Father had not paid child support since June 1989.

In February 1998, the trial court entered an order finding the Father in civil contempt and ordering him held in the Gibson County Jail until he purged himself by paying a $31,930.24 child

support arrearage. In its order, the trial court found that the Father had "made no child support payments since June 29, 1989, even though he was gainfully employed from that period until three (3) years ago." The court also found that the Father had "received a [$90,000 workers' compensation] settlement in the Chancery Court of Madison County, Tennessee, on August 6, 1997, and he still [had] made no payment of child support on the arrearage."

In March 1998, the parties agreed to a consent order for paying off the child support arrearage. The order indicated that the Father already had paid $14,285.70 of the arrearage, leaving a balance of $17,644.54. The order further indicated that the Father had agreed for his 1997 Ford F150 pickup truck to be sold by Phelan Motor Company of Trenton, Tennessee, and for the proceeds to be applied to the arrearage. To this end, the order required the Father to surrender the truck title to the court clerk and to relinquish possession of the truck to Phelan Motor Company.

In April 1998, the Mother filed a second contempt petition in which she asked the trial court to find the Father in both criminal and civil contempt of court. The Mother's second petition contained, *inter alia*, the following allegations:

> 4. [The Mother] avers unknown to her [the Father] did go to the County Court Clerk's office and make application for and receive a lost title to said truck. [The Mother] avers at a later date [the Father] did go to Phelan Motor Company and by deceit and misrepresentation he did obtain possession of said truck. [The Mother] avers to the best of her knowledge the truck is still in the possession of [the Father].

> 5. [The Mother] avers on the 3rd day of April, 1998, the Court did determine [the Father] was still not paying child support, as heretofore ordered by the Court, and the arrearage had increased. [The Mother] avers the Court did order that an attachment issue for the body of [the Father], but the attachment remains unserved as of this date.

> 6. [The Mother] avers that the actions of [the Father] constituted fraud upon this Honorable Court and further shows his willful disobedience to the orders of the Court, relative to the payment of child support, and further for taking said truck while under an attachment and hiding and secreting same from this Honorable Court.

The Father's attorney filed a Motion to Dismiss for Insufficient Process in which he asserted that his client had not been served with a copy of the Mother's petition and that he did not know his client's whereabouts. Without waiving any objection to the sufficiency of process, the Father's attorney filed an answer in which he demanded a jury trial on behalf of the Father. The Father's attorney also filed a motion asking the trial court to recuse itself from hearing any "future matters involving child support, attachments, contempt, etc."

In February 1999, the trial court conducted an evidentiary hearing on the Mother's second contempt petition, but the hearing apparently was not transcribed. Subsequently, in March 1999, the trial court entered an order finding the Father in both criminal and civil contempt of court. In its order, the court found that there had "been no medical proof to support the [Father's] claim" of inability to pay child support. The court further found that the Father "had the means to pay child support, and that his actions during the last twelve (12) months [had] shown disregard and complete contempt for his obligation to pay child support as to his sons and complete disrespect for this Honorable Court and the orders issued." For the criminal contempt, the trial court sentenced the Father to serve six months in the Gibson County Jail, the maximum sentence permitted by Tennessee Code Annotated section 36-5-104 (1996). For the civil contempt, the trial court ordered the Father to pay a fifty dollar ($50) fine, plus costs, and to serve ten (10) days in the Gibson County Jail consecutive to the criminal contempt sentence.

On appeal, the Father argues that the judgment for criminal contempt should be vacated for the following reasons: (1) the Father was denied the right to a jury trial in violation of *Brown v. Latham*, 914 S.W.2d 887 (Tenn. 1996); (2) the Father did not receive the notice required by rule 42(b) of the Tennessee Rules of Criminal Procedure; and (3) the trial court refused to recuse itself as required by rule 42(b). The Father also contends that the judgment for civil contempt should be vacated because he lacked the ability to comply with the trial court's previous orders directing him to pay child support. Specifically, the Father contends that, at the time of the February 1999 contempt hearing, he had not worked in several years because he was permanently disabled. In support of this contention, the Father relies on a post-hearing affidavit that he filed in April 1999 when he filed his notice of appeal, as well as a November 1998 decision of the Social Security Administration that appears in the supplemental record on appeal.

## II. *Judgment and Sentence for Civil Contempt*

Our review of the Father's civil contempt issue is hindered by the fact that the record on appeal does not contain a transcript of the evidence presented at the hearing on the Mother's second contempt petition. The trial court's judgment recites that the court conducted a hearing on February 5, 1999, at which time the court heard "the oral testimony of witnesses examined in open Court." The record on appeal, however, contains neither a transcript of this testimony nor a statement of the evidence presented at the hearing. *See* Tenn. R. App. P. 24(c) (permitting the appellant to prepare a statement of the evidence "from the best available means, including the appellant's recollection," when a verbatim transcript is unavailable).

The appellant bears the burden of showing that the evidence presented below preponderates against the trial court's judgment. *See Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). To this end, the Tennessee Rules of Appellate Procedure require the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also Johnson v. Hardin*, 926 S.W.2d 236, 239 (Tenn. 1996); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). In the

absence of a transcript or statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment. *See Coakley*, 840 S.W.2d at 370; *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988).

Inasmuch as the record in this case fails to include a transcript of the hearing on the Mother's second contempt petition, we are unable to determine whether, based upon the evidence before it, the trial court erred in finding (1) "that there [was] no medical proof to support [the Father's] claim" of inability to pay child support, and (2) that the Father "[had] the means to pay child support." Under these circumstances, the Father has failed to meet his burden of showing that the evidence preponderates against the trial court's judgment, and the Father's present claims of inability to pay do not provide a basis for this court to vacate the judgment on appeal. Although the Father filed an affidavit attesting to his inability to pay when he filed his notice of appeal, significantly, the Father does not allege that he presented similar testimony or other evidence on this issue at the contempt hearing. Moreover, although the decision of the Social Security Administration appears in the supplemental record on appeal, the record contains no suggestion that the Father attempted to bring this decision to the trial court's attention or to introduce the decision into evidence at the February 1999 contempt hearing.[1]

Nevertheless, relative to the judgment for civil contempt, we conclude that the trial court improperly sentenced the Father to ten days in the county jail to be served consecutive to the Father's sentence for criminal contempt. The trial court sentenced the Father to a fixed term of ten days, and the court did not condition the Father's release upon his compliance with any of the trial court's orders pertaining to child support. Inasmuch as this unconditional punishment was not available in a civil contempt proceeding, we vacate the sentence and remand this matter for further proceedings. *See Storey v. Storey*, 835 S.W.2d 593, 599 (Tenn. Ct. App. 1992); *see also Thomasson v. Thomasson*, No. 01A01-9706-CV-00273, 1998 WL 382190, at *4-*6 (Tenn. Ct. App. July 10, 1998) (*no perm. app. filed*); *Virostek v. Virostek*, No. 02A01-9601-CH-00019, 1997 WL 224872, at *6 (Tenn. Ct. App. May 6, 1997) (*no perm. app. filed*).

### III.  Judgment and Sentence for Criminal Contempt

We also conclude that the Father's judgment and sentence for criminal contempt must be vacated because the Father was denied the right to a jury trial on the criminal contempt charge. In seeking to have the Father held in criminal contempt, the Mother's petition cited, *inter alia*, Tennessee Code Annotated section 36-5-104,[2] which authorized the trial court to impose the following sanctions against the Father if he was found to be in criminal contempt for failing to pay court-ordered child support:

---

[1]We note that the Father is represented by different counsel on appeal.

[2]The Mother's petition erroneously cited section 35-5-104, but the trial court's judgment cited the correct code section. *See infra* note 5.

Any person, ordered to provide support and maintenance for a minor child or children, who fails to comply with the order or decree, may, in the discretion of the court, be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months.

Tenn. Code Ann. § 36-5-104(a) (1996). The trial court specifically relied upon section 36-5-104 when it sentenced the Father to serve six months in the county jail.

In ***Brown v. Latham***, 914 S.W.2d 887, 888-89 (Tenn. 1996), our supreme court concluded that section 36-5-104 defined a criminal offense for which a defendant could be imprisoned for a definite period of up to six months. Based upon this conclusion, the court held that a defendant charged with failing to pay court-ordered child support pursuant to section 36-5-104 was entitled to a jury trial on that charge. ***See Brown v. Latham***, 914 S.W.2d at 888. The court relied on a previous decision wherein it had held that "[f]or violation of general criminal statutes, . . . where a fine of more than $50.00 or any confinement of the accused may be imposed, the right to jury trial under the Tennessee constitution[3] is well-established." ***Brown v. Latham***, 914 S.W.2d at 889 (quoting ***State v. Dusina***, 764 S.W.2d 766, 768 (Tenn. 1989) (footnote added)).

Like the defendant in ***Brown v. Latham***, the Father in this case timely requested a jury trial on the contempt charges against him. Accordingly, we conclude that the trial court erred in failing to grant the Father a jury trial on the criminal contempt charge brought against him pursuant to section 36-5-104.[4]

Although we vacate the Father's judgment and sentence for criminal contempt, we reject the Father's additional arguments that the criminal contempt judgment must be vacated because he did not receive the notice required by rule 42 and because the trial court refused to recuse itself from the proceedings as required by rule 42. We reject the Father's notice argument because, on appeal, the Father fails to explain how the Mother's contempt petition did not comply with the notice requirements of rule 42. As pertinent, rule 42 provides that a

criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the

---

[3]***See*** Tenn. Const. art. I, § 6 (providing that "the right of trial by jury shall remain inviolate").

[4]We recognize that a defendant charged with a criminal offense can waive his right to a jury trial. ***See State v. Ellis***, 953 S.W.2d 216, 220-22 (Tenn. Crim. App. 1997). In the present case, however, the record contains no suggestion that the Father waived his right to a jury trial, and the Mother has not contended that any such waiver occurred.

defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest.

Tenn. R. Crim. P. 42(b).

The Mother's second contempt petition plainly notified the Father that the Mother sought to have him held in contempt of court, and the petition described the contempt charged as criminal in nature. The Mother's petition additionally stated "the essential facts constituting the criminal contempt charged." Tenn. R. Crim. P. 42(b). Specifically, the Mother's petition alleged that the Father had failed to pay child support in violation of the trial court's previous orders and, further, that the Father had contrived to reobtain possession of his pickup truck in violation of the consent order entered by the court in March 1998. Moreover, we note that the answer filed by the Father's attorney demonstrated his awareness that the Mother was seeking to have the Father held in criminal contempt in that the answer characterized the Mother's petition as "alleging criminal contempt instead of civil contempt." Under these circumstances, we conclude that the Father received the requisite notice of both the nature of the contempt charged and the factual basis for the charge.[5]

---

[5]The Mother's petition cited Tennessee's criminal contempt statute, which authorized the trial court to impose the following punishments against persons found in criminal contempt of court:

> (a)     The punishment for contempt may be by fine or by imprisonment, or both.

> (b)     Where not otherwise specially provided, the circuit, chancery, and appellate courts are limited to a fine of fifty dollars ($50.00), and imprisonment not exceeding ten (10) days, and, except as provided in § 29-9-108, all other courts are limited to a fine of ten dollars ($10.00).

Tenn. Code Ann. § 29-9-103 (Supp. 1997). The Mother's petition also, albeit mistakenly, cited Tennessee Code Annotated sections 35-5-104 and 39-9-104, but the Father does not complain that he was prejudiced by this mistake. The Mother apparently meant to cite sections 36-5-104 and 29-9-104. As we previously indicated, section 36-5-104 authorized the trial court to impose certain sanctions against persons found in criminal contempt for failing to pay court-ordered child support. *See* Tenn. Code Ann. § 36-5-104 (1996). Section 29-9-104, on the other hand, authorized the trial court to impose the following sanctions against persons found in civil contempt of court:

> (a)     If the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it.

> (b)     The person or if same be a corporation, then the said person or

-6-

We further conclude that the trial court's refusal to recuse itself did not violate rule 42. In addition to the foregoing notice provisions, rule 42 provides that, "[i]f the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing except with the defendant's consent." Tenn. R. Crim. P. 42(b). Contrary to the Father's contention, the contempt charged in the present case did not involve disrespect to or criticism of a judge. Rather, the contempt petition alleged that the Father's actions "constituted fraud upon" the trial court and, further, that his actions showed his "willful disobedience to" and his "willful violation of" the court's orders.

We similarly decline to interpret the trial court's findings of contempt to encompass conduct evincing disrespect to or criticism of the Chancellor, as opposed to the Chancellor's orders. In its judgment, the trial court found that the Father's actions had "shown disregard and complete contempt for his obligation to pay child support as to his sons and complete disrespect for this Honorable Court and the orders issued." In our view, these findings were directed toward the Father's contempt for the trial court's orders rather than for the Chancellor himself.

A defendant's willful disobedience or violation of the trial court's orders will not trigger rule 42's disqualification provision. As we explained in ***Herrera v. Herrera***, 944 S.W.2d 379 (Tenn. Ct. App. 1996), rule 42

> requires recusal only in those limited situations where the charged conduct
> involves a personal criticism against or disrespect toward the particular judge
> presiding over the contempt proceedings. The instant case presents a violation of
> a court order and nothing more. While the violation of a valid court order exhibits
> disrespect toward the judicial system, that is not the type of conduct addressed by
> Rule 42.

***Herrera***, 944 S.W.2d at 392.

Finally, we conclude that the allegations of bias contained in the Father's recusal motion were insufficient to require the trial court to recuse itself. In his motion, the Father contended that "based on the facts and circumstances involved in this matter, as well as certain phone calls, statements or otherwise allegedly made by the movant to the Chancellor, has created a situation where personal feelings may be involved." Without more, these unsupported allegations of bias are simply too vague to require the trial court's recusal. ***See, e.g.***, ***Ellison v. Alley***, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995) (affirming trial court's refusal to recuse itself where appellants' motion and affidavit alleged merely that Chancellor "would likely be biased against" appellants); ***State v. Parton***, 817 S.W.2d 28, 30 (Tenn. Crim. App. 1991) (affirming trial court's refusal to

---

> corporation can be separately fined, as authorized by law, for each day it is in
> contempt until it performs the act ordered by the court.

Tenn. Code Ann. § 29-9-104 (1980).

recuse itself where appellant's motion merely alleged that, in prior hearings, judge had exhibited bad attitude and had always imposed maximum sentence against appellant); *Wiseman v. Spaulding*, 573 S.W.2d 490, 493 (Tenn. Ct. App. 1978) (affirming trial court's refusal to recuse itself where appellant's affidavit contained "nothing more than circumstances from which it might be inferred that the Trial Judge might have some reason to have a favorable or unfavorable opinion of the parties").

We vacate that portion of the trial court's judgment (1) finding the Father in criminal contempt, (2) sentencing him to serve six months in the county jail for criminal contempt, and (3) sentencing him to serve ten days in the county jail for civil contempt consecutive to his criminal contempt sentence. In all other respects, the trial court's judgment is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to Plaintiff/Appellee Beverly Joyce Bledsoe, for which execution may issue if necessary.