# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### APRIL 20, 2006 Session

## ARNOLD ALPHONSO BUENO v. PATTIE LYNETTE BUENO TODD

**Direct Appeal from the Chancery Court for Shelby County**
**No. D 25921-2     D. J. Alissandratos, Chancellor**

_____

**No. W2005-02164-COA-R3-CV - Filed July 31, 2006**

_____

This appeal stems from criminal and civil contempt charges brought by a father of two minor children because of the mother's failure to pay child support. The father brought his criminal contempt charge based on section 36-5-104 of the Tennessee Code. In this appeal, we are asked to determine whether the chancery court violated the mother's due process rights during the criminal contempt hearing. The mother asserts on appeal that the chancery court violated her due process rights by (1) allowing the father's attorney to try the case against her for criminal contempt; (2) failing to provide proper notice to her pursuant to Rule 42 of the Tennessee Rules of Criminal Procedure; (3) failing to provide her with a right to a jury trial; and (4) applying the wrong legal standard when it found her guilty of criminal contempt. Also, we are asked to determine whether the chancery court properly terminated the mother's visitation rights with her children based on the chancery court's findings that the mother committed perjury, that the mother was in criminal contempt for violating section 36-5-104 of the Tennessee Code, and that the mother was in civil contempt. We vacate the portions of the chancery court order (1) finding Appellant in criminal contempt, (2) sentencing Appellant to serve six months in jail for criminal contempt, and (3) terminating Appellant's visitation with her children until they attain the age of eighteen years, and we remand this case to the chancery court for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Karen W. Tyler, Memphis, TN, for Appellant

Bradley W. Eskins, Memphis, TN, for Appellee

## OPINION

### I. Facts & Procedural History

On July 26, 1996, Arnold Alphonso Bueno, Jr. ("Father" or "Appellee") and Pattie Lynette Bueno Todd ("Mother" or "Appellant" or, collectively with Father, the "Parties") were divorced. At the time of divorce, the Parties had two minor children of the marriage. Pursuant to the divorce decree, Mother was initially awarded custody of the Parties' two minor children. Subsequently, Father filed a petition for change of custody. On August 12, 2003, the chancery court entered a temporary order changing custody of the Parties' two minor children from Mother to Father. The temporary order also stated that Mother was required to pay child support in the amount of $538 per month to Father. On November 14, 2003, the chancery court entered an order naming Father as the primary residential parent. Mother failed to pay any child support to Father at any time thereafter. According to Mother, she did not pay any child support because she did not know of the existence of the court order requiring her to pay child support.

On June 6, 2005, Father filed a petition for contempt alleging that Mother willfully failed to pay child support as ordered by the chancery court. On June 30, 2005, Mother filed her answer to Father's petition. On July 22, 2005, the chancery court entered an order allowing Father to amend his petition. That same day, Father filed an amended petition for scire facias and for criminal and civil contempt. The chancery court then entered a fiat stating that the hearing on Father's petition would be at 9:00 a.m. on August 3, 2005. On August 3, 2005, Mother filed a supplemental answer to Father's amended petition. At the hearing on Father's petition for scire facias and for criminal and civil contempt, the chancery court allowed Father's attorney to prosecute the criminal contempt charges.

The chancery court entered its order on Father's petition on August 5, 2005 finding Mother (1) in criminal contempt for violating section 36-5-104 of the Tennessee Code, (2) in civil contempt for failing to pay child support and for being voluntarily unemployed, and (3) had committed perjury. The chancery court sentenced Mother to six months in jail for her criminal contempt. On August 10, 2005, the chancery court entered a consent order suspending the criminal contempt sentence, placing Mother on probation, and requiring Mother to find employment for fifty hours weekly.

### II. Issues Presented

Appellant has timely filed her notice of appeal and presents the following issues for review:

1. Whether the chancery court violated her basic due process rights in a case for criminal contempt; and
2. Whether the chancery court erred when it suspended Appellant's visitation rights with her daughter.

For the following reasons, we vacate the portions of the chancery court's order (1) finding Appellant in criminal contempt; (2) sentencing Appellant to serve six months in jail for criminal contempt and (3) terminating Appellant's visitation with her children until they attain the age of eighteen years. We remand for further proceedings.

## III. DISCUSSION

### A. Criminal Contempt

On appeal, Appellant contends that the chancery court violated her due process rights when it prosecuted her for criminal contempt. Specifically, Appellant asserts that the chancery court violated her due process rights during her criminal contempt hearing by (1) allowing Appellant's attorney to try the case against her for criminal contempt; (2) failing to provide proper notice to Appellant pursuant to Rule 42 of the Tennessee Rules of Criminal Procedure; (3) failing to provide her with a right to a jury trial; and (4) applying the wrong legal standard when it found Appellant guilty of criminal contempt. We address each contention in turn.

First, Appellant argues that the chancery court violated her due process rights when it allowed Appellee's attorney to prosecute the criminal contempt proceeding against Appellant. On appeal, Appellant argues that an interested party may not prosecute a criminal contempt proceeding. In this case, Appellee's attorney represented Appellee when Appellee filed his petition for contempt against Appellant for violation of the order arising out of the first action.

In *Wilson v. Wilson*, 984 S.W.2d 898 (Tenn. 1998), the Tennessee Supreme Court confronted a similar issue as in this case, namely whether a private attorney currently representing the beneficiary of a court order in a civil case may prosecute a criminal contempt action arising from a violation of the court order. *Id.* at 900. In *Wilson*, a private attorney representing the defendant in a divorce case prosecuted a criminal contempt action against the plaintiff in the divorce for violation of a court order arising out of the divorce proceedings. *Id.* at 899. At trial, "the defendant . . . filed a . . . petition for contempt alleging a violation of an order of the trial court." *Id.* At the time of the criminal contempt proceedings, the divorce action was still pending. *Id.* At trial, the plaintiff filed a motion requesting that the defendant's attorney be prevented from prosecuting the criminal contempt action "on the basis that counsel was simultaneously representing the defendant in the underlying divorce proceeding." *Id.* Finding that the private attorney was not automatically disqualified from prosecuting the criminal contempt action and could prosecute such action, the Tennessee Supreme Court held that "no constitutional principle nor ethical standard automatically disqualifies a private attorney representing the beneficiary of a court order from simultaneously prosecuting a contempt action which alleges a violation of the order." *Id.* at 905.

In this case, we find no reason to diverge from the reasoning espoused in *Wilson*. Appellant's sole argument on appeal is that an interested party may not prosecute a criminal contempt proceeding. As the Tennessee Supreme Court found in *Wilson*, an interested party is not automatically disqualified from prosecuting a criminal contempt action. Further, we find nothing

in the record to indicate that Appellee's attorney should have been disqualified from prosecuting Appellant for criminal contempt. As such, we find that the chancery court did not violate Appellant's due process rights when it allowed Appellee's attorney to prosecute the criminal contempt action against Appellant.

Second, Appellant argues that the chancery court violated her due process rights because she was not given proper notice of the criminal contempt pursuant to rule 42(b) of the Tennessee Rules of Criminal Procedure.

Rule 42(b) of the Tennessee Rules of Criminal Procedure[1] requires that a criminal contempt be prosecuted on notice, which "shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such." *Storey v. Storey*, 835 S.W.2d 593, 600 (Tenn. Ct. App. 1992) (quoting Tenn. R. Crim. P. 42(b)) (footnote omitted). Further, with regard to notice,

> manifestly every citizen, however unlearned in the law, by mere inspection of the papers in contempt proceedings ought to be able to see whether it was instituted for private litigation or for public prosecution, whether it sought to benefit the complainant or vindicate the court's authority. He should not be left in doubt as to whether relief or punishment was the object in view. He is not only entitled to be informed of the nature of the charge against him, but to know that it is a charge and not a suit.

*Id.* at 599 (quoting *Gompers v. Bucks's Stove & Range Co.*, 221 U.S. 418, 446 (1911)).

On appeal, Appellant contends that the chancery court did not give her proper notice that she was being tried for criminal contempt because the chancery court asked at the hearing if Appellee was asserting that Appellant was in criminal contempt for violating section 36-5-104 of the

---

[1]Rule 42(b) of the Tennessee Rules of Criminal Procedure states:

> Disposition upon Notice and Hearing. – A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to admission to bail as provided in these rules. If the contempt charge involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing except with the defendant's consent. Upon a verdict of finding of guilt the court shall enter an order fixing the punishment.

Tenn. R. Crim. P. 42(b) (2005).

Tennessee Code, which does not relate to criminal contempt. However, this Court finds this argument to be without merit. On July 22, 2005, Appellee filed his amended petition for scire facias and for civil and criminal contempt. The petition specifically stated that Appellee was petitioning the chancery court to find Appellant in criminal contempt for Appellant's violation of section 36-5-104 of the Tennessee Code.[2] Further, the petition stated that

> [t]his petition places you in jeopardy of being found in criminal contempt of this Court's Orders. Each incident of contempt can result in your incarceration in jail for contempt. As to each allegation of criminal contempt, you have the rights of a criminally accused person, including, but not limited to, the right not to testify against yourself, the right to an attorney, and the presumption of innocence.

That same day, the chancery court issued a fiat stating that the hearing on the matter was set for 9:00 a.m. on August 3, 2005. As such, we conclude that the notice requirements of Rule 42(b) of the Tennessee Rules of Criminal Procedure were met. Thus, Appellant's due process rights as to notice were not violated.

Third, Appellant argues that the chancery court violated her due process rights when it tried her for criminal contempt without a jury. In its opinion, the chancery court found Appellant guilty of criminal contempt based on section 36-5-104 of the Tennessee Code. Nothing in the record demonstrates that Appellant made a request for a jury trial on the criminal contempt charges or

---

[2] Section 36-5-104 of the Tennessee Code states:

(a) Any person, ordered to provide support and maintenance for a minor child or children, who fails to comply with the order or decree, may, in the discretion of the court, be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months.

(b) No arrest warrant shall issue for the violation of any court order of support if such violation occurred during a period of time in which the obligor was incarcerated in any penal institution and was otherwise unable to comply with the order.

(c) In addition to the sanction provided in subsection (a), the court shall have the discretion to require an individual who fails to comply with the order or decree of support and maintenance to remove litter from the state highway system, public playgrounds, public parks, or other appropriate locations for any prescribed period or to work in a recycling center or other appropriate location for any prescribed period of time in lieu of or in addition to any of the penalties otherwise provided; provided, however, that any person sentenced to remove litter from the state highway system, public playgrounds, public parks, or other appropriate locations or to work in a recycling center shall be allowed to do so at a time other than such person's regular hours of employment.

Tenn. Code Ann. § 36-5-104 (2005).

waived in writing her right to a jury trial. On appeal, Appellant asserts that the rules of criminal procedure apply to criminal contempt proceedings and that, because Appellant made no written waiver of a jury trial pursuant to Rule 23 of the Tennessee Rules of Criminal Procedure, the chancery court violated her right to a jury trial.

In *Brown v. Latham*, 914 S.W.2d 887 (Tenn. 1996), the Tennessee Supreme Court held that an individual being prosecuted for criminal contempt for a violation of section 36-5-104 of the Tennessee Code was entitled to a jury trial. In so holding, the Tennessee Supreme Court found that the crime of criminal contempt based on a violation of section 36-5-104 of the Tennessee Code was not a "small offense," and, as such, the defendant was entitled to a trial by jury. As in *Brown*, Appellant was prosecuted for criminal contempt for violating section 36-5-104 of the Tennessee Code. Unlike the defendant in *Brown*, Appellant did not request a jury trial.

However, as this Court has previously stated, "criminal contempt is a crime in the ordinary sense, and certain constitutional provisions apply to the punishment proceeding. And we have held that the Rules of Criminal Procedure must be followed." *Perkerson v. Perkerson*, No. 01-A-01-9602-CV-00059, 1996 Tenn. App. LEXIS 437, at *5-6 (Tenn. Ct. App. July 31, 1996) (citations omitted). Rule 23 of the Tennessee Rules of Criminal Procedure states:

> In all criminal cases except small offenses, trial shall be by jury unless the defendant waives a jury trial in writing with the approval of the court and the consent of the district attorney general. The defendant may waive jury trial at any time before the jury is sworn.

Tenn. R. Crim. P. 23 (2005). As such, as there was no waiver of a jury trial to comply with Rule 23 of the Tennessee Rules of Criminal Procedure, we conclude that the chancery court violated Appellant's right to a jury trial when it did not conduct a jury trial as to Appellant's criminal contempt proceedings. Accordingly, we vacate the portions of the chancery court's order (1) finding Appellant in criminal contempt and (2) sentencing Appellant to serve six months in jail for criminal contempt. Thus, the issue as to whether the chancery court applied the correct legal standard when it found Appellant guilty of criminal contempt is pretermitted.

### B.    Visitation Rights

On appeal, Appellant contends that the chancery court erred when it terminated her rights to visit her children "until each child attains the age of 18 years of age." As our supreme court has stated,

> [a]lthough we recognize that the general rule is that "the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge," *Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn. App. 1973), and that the trial court's decision will not ordinarily be reversed absent some abuse of that discretion, "in

reviewing child custody and visitation cases, we must remember that the welfare of the child has always been the paramount consideration" for the courts. *Luke v. Luke*, 651 S.W.2d 219, 221 (Tenn. 1983). In addition, the right of the noncustodial parent to reasonable visitation is clearly favored. *E.g., Weaver v. Weaver*, 37 Tenn. App. 195, 202-203, 261 S.W.2d 145, 148 (1953). Nevertheless, "the right of visitation . . . may be limited, or eliminated, if there is definite evidence that to permit . . . the right would jeopardize the child, in either a physical or moral sense." *Id.*

*Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988). Further, this Court has previously stated,

[m]others and fathers each make unique and complementary contributions to their children's welfare and emotional development. National Interdisciplinary Colloquium on Child Custody Law, *Legal & Mental Health Perspectives on Child Custody Law: A Deskbook for Judges* § 12:1, at 130 (1998) ("*Legal & Mental Health Perspectives on Child Custody Law*"). Accordingly, Tennessee's General Assembly and courts have recognized that non-custodial parents have a fundamental right to visit their children. Tenn. Code Ann. § 36-6-301 (Supp. 2000); *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988); *Helson v. Cyrus*, 989 S.W.2d 704, 707 (Tenn. Ct. App. 1998); *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996); *Weaver v. Weaver*, 37 Tenn. App. 195, 202-03, 261 S.W.2d 145, 148 (1953).

Because of the general belief that children will be harmed substantially if denied interaction and relationship with both parents, *Legal & Mental Health Perspectives on Child Custody Law* § 12:2, at 131, Tennessee's courts have repeatedly recognized that custody and visitation arrangements should interfere with the parent-child relationship as little as possible. *Taylor v. Taylor*, 849 S.W.2d at 331; *Pizzillo v. Pizzillo*, 884 S.W.2d 749, 755 (Tenn. Ct. App. 1994). However, a parent's right to visit with his or her children is not absolute. The courts may restrict, suspend, or terminate visitation rights upon the presentation of clear and definite evidence that permitting continued visitation will jeopardize the child physically, emotionally, or morally. Tenn. Code Ann. § 36-6-301; *Suttles v. Suttles*, 748 S.W.2d at 429; *Helson v. Cyrus*, 989 S.W.2d at 707; *Weaver v. Weaver*, 37 Tenn. App. at 202-03, 261 S.W.2d at 148.

Because of the legal and psychological significance of a parent's visitation rights, persons seeking to restrict or eliminate visitation must demonstrate that there is probable cause that the child will be placed at risk if visitation is permitted. The Tennessee Supreme Court requires that this proof must be "definite," *Suttles v.*

*Suttles*, 748 S.W.2d at 429, and Tenn. Code Ann. § 36-6-301 requires that the proof demonstrate that visitation is "likely"" to endanger the child's physical or emotional health. These evidentiary standards have effectively created a presumption against severely circumscribing or denying visitation to non-custodial parents. Such drastic measures are appropriate only when arrangements less detrimental to the parent-child relationship are not available or workable as a practical matter.

With these principles in mind, the courts have terminated or suspended visitation by a non- custodial parent only in extreme circumstances such as (1) the non-custodial parent's history of physically abusing his spouse and child, *Suttles v. Suttles*, 748 S.W.2d at 429; (2) the non-custodial parent's abandonment of the child, *Turner v. Turner*, 919 S.W.2d at 346; *Mimms v. Mimms*, 780 S.W.2d 739, 745 (Tenn. Ct. App. 1989); or (3) conduct of the non-custodial parent that is injurious to the child's physical health, *Smith v. Smith*, 1996 Tenn. App. LEXIS 655, No. 03 A01-9603-CV-00078, 1996 WL 591181, at *4 (Tenn. Ct. App. Oct. 11, 1996) (No Tenn. R. App. P. 11 application filed). In other circumstances, the courts have stopped short of terminating or suspending visitation when less restrictive alternatives, such as supervised visitation, have been reasonably available. *E.g., Whitaker v. Whitaker*, 957 S.W.2d 834, 838-39 (Tenn. Ct. App. 1997) (disapproving unreasonably burdensome restrictions on visitation on a parent ordered to undergo counseling); *D v. K*, 917 S.W.2d at 685 (approving supervised visitation for a parent who permitted a child to play unattended in a parking lot); *Pizzillo v. Pizzillo*, 884 S.W.2d at 757 (approving supervised visitation for a non-custodial parent convicted of sexual abuse); *Crabtree v. Crabtree*, 716 S.W.2d 923, 927 (Tenn. Ct. App. 1986) (approving supervised visitation for a non-custodial parent charged with sexual abuse).

**Wix v. Wix**, 2001 Tenn. App. LEXIS 144, at *32-36 (Tenn. Ct. App. Mar. 7, 2001). Additionally, "courts may deny or condition continuing visitation on the grounds of parental neglect." **Turner v. Turner**, 919 S.W.2d 340, 346 (Tenn. Ct. App. 1995) (citing *Mimms v. Mimms*, 780 S.W.2d 739, 745 (Tenn. Ct. App. 1989)).

In its order, the chancery court terminated Appellant's visitation rights with her children until they reach the age of eighteen based on its findings that Appellant was guilty of criminal contempt, civil contempt, and perjury. In essence, the chancery court terminated Appellant's visitation rights based on her failure to pay child support, her failure to seek employment during the six months she was required to pay child support, and the court's finding that she committed perjury in the proceedings.

Based on the foregoing authorities, we conclude that Appellant's failure to seek employment during a six month period and Appellant's act of perjury are not sufficient to support a suspension or termination of Appellant's visitation rights with her children. Further, Appellant's failure to pay child support generally would be not enough to suspend or terminate her visitation rights with her children. *See id.* at 345-46. However, a "denial of visitation is warranted . . . when the noncustodial parent is financially able to support his or her children but refuses to do so." *Id.* at 346. In this case, the trial court did not conclusively determine whether Appellant willfully refused to pay child support and had the ability to pay such support. As such, we vacate the portion of the chancery court's order terminating Appellant's visitation rights with her children.

## IV. CONCLUSION

For the aforementioned reasons, we vacate the portions of the chancery court's order (1) finding Appellant in criminal contempt; (2) sentencing Appellant to serve six months in jail for criminal contempt; and (3) terminating Appellant's visitation with her children until they attain the age of eighteen years. We remand for further proceedings. Costs of this appeal are taxed to Appellee, Arnold Alphonso Bueno, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE