# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. ADRIAN HILL

**Appeal from the Circuit Court of Marshall County**
**No. 13609, 17502      Lee Russell, Judge**

**No. M2011-02233-CCA-R3-CD - Filed September 5, 2012**

Adrian Hill ("the Defendant") appeals the trial court's judgments finding him guilty of failing to comply with a child support order in two separate cases under Tennessee Code Annotated section 36-5-104(a). The trial court convicted the Defendant on one count in each of the two cases after conducting a bench trial. On appeal, the Defendant asserts that he was: (1) denied the right to grand jury action; (2) denied the right to a trial by jury; and (3) sentenced contrary to the applicable sentencing laws for criminal offenses. Upon review, because the statute at issue is a general criminal statute as opposed to a contempt statute, we conclude that the Defendant was entitled to grand jury action as a requirement to invoke the jurisdiction of the trial court. The record demonstrates that the Defendant did not receive grand jury action and did not waive his right to grand jury action. Therefore, we are compelled to vacate the judgments of the trial court and dismiss the charges against the Defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Vacated and Case Dismissed.**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Dalton, Lewisburg, Tennessee, for the appellant, Adrian Hill.

Robert E. Cooper, Jr., Attorney General & Reporter; Benjamin Ball, Assistant Attorney General; Charles Crawford, District Attorney General; Robert Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Background Facts and Procedure[1]

On June 22, 2011, the State of Tennessee *ex rel.* April M. Haley and Latisha Greer filed two separate petitions for contempt alleging that the Defendant had failed to pay court-ordered child support for two children. Along with each petition, the State filed notices pursuant to Rule 42 of the Tennessee Rules of Criminal Procedure alleging that the Defendant should be found in criminal contempt of court. Specifically, the notices alleged that the Defendant violated Tennessee Code Annotated section 36-5-104, which provides for the punishment of imprisonment for up to six months for any person who fails to comply with a court's child support order.

The trial court entered orders on both cases on July 22, 2011. The orders recite that the trial court conducted a hearing on the petitions on that date. The trial court reviewed the record and heard the testimony of witnesses and argument of counsel. The orders also indicate that the Defendant voluntarily waived his right to an attorney subsequent to a discussion with the trial court. The orders further recite that the trial court found the Defendant guilty of two counts of criminal contempt pursuant to section 36-5-104. The trial court sentenced the Defendant to six months on the first count and ninety days on the second count. The trial court ordered that these sentences be served consecutively.[2] The orders, however, do not reflect that the Defendant waived his right to grand jury action or his right to a trial by jury.

The Defendant timely appealed his convictions to this Court, and we consolidated the cases for review. The Defendant argues that he did not receive certain procedural protections afforded to criminal defendants. Specifically, he argues that he was: (1) denied the right to grand jury action and did not waive the right; (2) denied the right to trial by jury and did not waive the right; and (3) sentenced contrary to the applicable sentencing laws for criminal offenses. The State's sole argument on appeal is that the Defendant has waived these issues by failing to include a transcript of the trial or a statement of the evidence.

---

[1] We glean this factual information from the technical record in this case. The Defendant did not file a transcript of the proceedings or a statement of the evidence.

[2] One of the orders also contains a handwritten notation finding the Defendant guilty of contempt for using profanity in open court and sentencing him to forty-eight hours to be served consecutively to the other sentences. We assume that this criminal contempt finding was under Tennessee Code Annotated section 29-9-102, the general contempt statute. The Defendant has not appealed this finding.

<u>Analysis</u>

First, we will address whether the Defendant was entitled to grand jury action. The State previously filed a motion seeking to transfer this appeal to the Tennessee Court of Appeals, asserting that criminal contempt arising out of a child support case is a civil matter. By order entered February 2, 2012, this Court denied the State's motion to transfer. As stated in that prior order, this Court's jurisdiction arises from Tennessee Code Annotated section 16-5-108(a)(1), which provides for appellate review by this Court of final judgments of the trial courts in criminal cases.

The Defendant was found guilty of failing to pay child support and sentenced under Tennessee Code Annotated section 36-5-104. As discussed in more detail below, the Tennessee Supreme Court specifically has held that section 36-5-104(a) defines a separate criminal offense apart from the general contempt statute. <u>See</u> <u>Brown v. Latham</u>, 914 S.W.2d 887, 888 (Tenn. 1996); <u>see also</u> <u>Bryan v. Leach</u>, 85 S.W.3d 136, 160 (Tenn. Ct. App. 2001) ("In addition to the general contempt statute [Tenn. Code Ann. § 29-9-102], the General Assembly has provided a specific statute, Tenn. Code Ann. § 36-5-104, to address obligors who fail to pay ordered child support. That statute creates a separate criminal offense punishable by up to six months' imprisonment. It does not affect the sanctions available for contempt." (citation omitted)). Consequently, an appeal of a guilty finding under section 36-5-104(a) is an appeal in a criminal case, and, as such, should be perfected to this Court. <u>See</u> Tenn. Code Ann. § 16-5-108(a)(1).

The trial court found the Defendant guilty of violating section 36-5-104, which provides that "[a]ny person, ordered to provide support and maintenance for a minor child or children, who fails to comply with the order or decree, may, in the discretion of the court, be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months." Tenn. Code Ann. § 36-5-104(a) (Supp. 2007). The trial court also referred to this statute as a contempt statute. We hold that the trial court erred in construing this statute as a contempt statute. It is important to note that the term "contempt" is nowhere to be found in the language of section 36-5-104(a).

Moreover, in <u>Brown v. Latham</u>, the Tennessee Supreme Court expressly held that section 36-5-104(a) is a general criminal statute and not a contempt statute. 914 S.W.2d at 888-89. The court explained:

The statute states the essential indicia of a criminal offense. Its violation is not declared to be a contempt as contemplated by Tenn. Code Ann. § 29-9-102 (1980). Its stated purpose is not to compel performance but to punish for non-performance by imprisonment for a definite period of time. The language

-3-

of subsection (b), "[n]o arrest warrant shall issue" under certain conditions, indicates a criminal proceeding. The penalty imposed, imprisonment for a period of time not to exceed six months, conforms with the definition of a misdemeanor stated in Tenn. Code Ann. § 39-11-110 (1991), which provides, ". . . all violations of law punishable by fine or confinement for less than one (1) year, or both, are denominated misdemeanors." The punishment authorized far exceeds the $50 fine and ten days imprisonment provided in Tenn. Code Ann. §§ 29-9-102, 103, which are the sanctions traditionally utilized to vindicate the authority of the courts. Therefore, the violation of Tenn. Code Ann. § 36-5-104(a) is a criminal offense, in a proceeding in which the respondent upon a finding of guilty may be imprisoned for a definite period not exceeding six months.

Id. (footnote omitted). Thus, the Brown court concluded that section 36-5-104(a) describes a criminal offense that is the equivalent of a misdemeanor and entitles a person charged with its violation to a jury trial. Id.; see also Ahern v. Ahern, 15 S.W.3d 73, 82 (Tenn. 2000); State ex rel. Creighton v. Creighton, No. M2010-01171-COA-R3-CV, 2011 WL 1344638, at *8 (Tenn. Ct. App. Apr. 7, 2011); Levenhagen v. Levenhagan, No. M1998-00967-COA-R3-CV, 2000 WL 1292446, at *8-9 (Tenn. Ct. App. Sept. 14, 2000).

Although the court held that a violation of section 36-5-104(a) is a criminal offense, the court did not resolve the distinction between a criminal offense and a criminal contempt. Brown, 914 S.W.2d at 889. Indeed, the Brown court expressly held that the distinction issue was pretermitted in that case. Id. In this case, we are presented with resolving one such distinction. The Defendant argues that if a violation of section 36-5-104(a) is a criminal offense, then he was entitled to an indictment as a requirement to invoke the jurisdiction of the trial court. Upon our review of the record and the applicable authorities, we agree with the Defendant.

Both the United States and Tennessee Constitutions guarantee a criminal defendant knowledge of the "nature and cause of the accusation." U.S. CONST. amend. VI; TENN. CONST. art. I, § 9; see also Tenn. Code Ann. § 40-3-101 (2006) ("No person shall be put to answer any criminal charge, but by presentment, indictment, or impeachment . . . ."). Our criminal code defines an indictment as "an accusation in writing presented by the grand jury of the county charging a person with an indictable offense." Tenn. Code Ann. § 40-13-101(a) (2006). All misdemeanors, which are defined by statute as "violations of law punishable by fine or confinement for less than one (1) year or both," are indictable offenses. Tenn. Code Ann. §§ 39-11-110; 40-13-102.

On the other hand, a defendant is not entitled to an indictment or presentment in prosecutions for criminal contempt under the general contempt statute. State v. Wood, 91 S.W.3d 769, 773 (Tenn. Ct. App. 2002). In a proceeding under the general contempt statute, a defendant need only be afforded notice in conformance with Rule 42 of the Tennessee Rules of Criminal Procedure, which provides that a criminal contempt shall be prosecuted on notice stating the time and place of the hearing, allowing a reasonable time for the preparation of the defense, and stating the essential facts constituting the criminal contempt. See Moody v. Hutchison, 159 S.W.3d 15, 27 (Tenn. Ct. App. 2004); Perkerson v. Perkerson, No. 01A-01-9602-CV-00059, 1996 WL 426807, at *1-2 (Tenn. Ct. App. July 31, 1996).

We recognize that in some past cases the Court of Appeals has reviewed the sufficiency of notice provided under Rule 42 to persons alleged to have violated section 36-5-104. See, e.g., Bueno v. Todd, No. W2005-02164-COA-R3-CV, 2006 WL 2106006, at *3-4 (Tenn. Ct. App. July 31, 2006); Bledsoe v. Bledsoe, No. W1999-01515-COA-R3-CV, 2000 WL 371196, at *4-5 (Tenn. Ct. App. April 11, 2000). In each of these cases, the Court of Appeals determined that the notice provided complied with the mandates of Rule 42. However, none of these cases addressed the specific question of whether a person alleged to have violated section 36-5-104 is entitled to grand jury action and not merely notice under Rule 42. Thus, the issue before us is one of first impression.

Therefore, we must determine whether a violation of section 36-5-104(a) is a criminal offense entitling one to an indictment or a contempt proceeding in which Rule 42 notice suffices. We hold that Brown dictates the resolution of this issue. Section 36-5-104(a) is not a contempt provision. It is a general criminal statute denoting the equivalent of a misdemeanor offense. See Brown, 914 S.W.2d 888-89. Because this statute is a general criminal statute, we are compelled to conclude that a person accused of its violation is entitled to grand jury action.[3]

The record in this case does not contain any evidence of either action by the grand jury or a written waiver by the Defendant. The State argues that such silence in the record yields a procedural waiver of the issue on appeal. See Tenn. R. App. P. 24 (requiring the appellant to prepare a record on appeal "sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"). As our supreme court has stated, "[a] valid indictment is an essential jurisdictional element, without which there can be no prosecution." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

---

[3] Our holding today in no way should be construed as altering existing jurisprudence interpreting the general contempt statute found at Tennessee Code Annotated section 29-9-102. This holding is limited solely to actions commenced under Tennessee Code Annotated section 36-5-104. Moreover, this decision is not intended to provide retroactive application.

Moreover, the right to grand jury action is a constitutional right, and without a written waiver, there can be no valid conviction. State v. Brackett, 869 S.W.2d 936, 938 (Tenn. Crim. App. 1993) (citing State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)).

Because the record does not demonstrate that the Defendant received grand jury action or waived his right to grand jury action, we conclude that the trial court lacked jurisdiction to enter the convictions in this case.[4] Consequently, we must vacate the trial court's judgments finding the Defendant guilty under section 36-5-104 and dismiss the charges against the Defendant under this statute.[5]

## CONCLUSION

All other issues are pretermitted.[6] For the foregoing reasons, the Defendant's convictions for contempt under section 36-5-104 are vacated and the case is dismissed.


_____
JEFFREY S. BIVINS, JUDGE

---

[4] In case number 17502, the trial court entered a memorandum opinion denying the Defendant's motion to arrest judgment in which the court acknowledged that no indictment, presentment, or information was entered in this case. The trial court, relying on State v. Wood, 91 S.W.3d 769, 773 (Tenn. Ct. App. 2002), held that no grand jury action was required because the matter was a criminal contempt. The trial court's reliance upon Wood is misplaced. Wood involved findings of criminal contempt under the general contempt statute, Tennessee Code Annotated section 29-9-102. Id. at 772.

[5] We also note that our holding today distinguishing between a general criminal statute and the general contempt statute is consistent with a recent opinion by a different panel of this Court. In Tracy Rose Baker v. State, No. M2011-01381-CCA-R3-PC, 2012 WL 3017727 (Tenn. Crim. App. July 20, 2012), this Court held that a person found in criminal contempt under the general contempt statute is not entitled to seek relief under the Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 et seq., because the conduct at issue did not constitute a criminal offense.

[6] Although we do not reach the issue, we note that clearly the Defendant also was entitled to a jury trial in this matter. See Brown, 914 S.W.2d at 888-89. The State argues, without citing any legal authority, that in the absence of a transcript or statement of the evidence, this Court must presume that the Defendant waived his right to a jury. Contrary to the State's position, Rule 23 of the Rules of Criminal Procedure entitles a defendant to a jury trial unless waived, and we will not presume that a defendant has waived his constitutional right to a jury when no such waiver is apparent in the record. See State v. Ellis, 953 S.W.2d 216, 220-222 (Tenn. Crim. App 1997); State v. Jarnigan, 958 S.W.2d 135, 137 (Tenn. Crim. App. 1997).